CASE 18—PETITION ORDINARY—January 13.

# Sullivan, &c. v. Thornton Norris.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. WHEN A PARTY TAKES A DEPOSITION AND DECLINES TO READ IT UPON THE TRIAL it may be read by the adverse party. There are exceptions to this general rule.

2. *A deposition taken to impeach the credit of a witness* can not be read by the adverse party, if the party taking it declines to read it, and also fails to assail the character of the witness intended to be impeached by the deposition.

3. If the character of the witness had been assailed by the party taking the deposition, and he had declined to read it, then the adverse party would have had the right to use the deposition for the purpose of sustaining his witness.

H. TAYLOR, . . . ⎫
MENZIES & FURBER, ⎭ . . . . . . . For Appellant,

CITED

3 Metcalfe, —, Messick v. Ray.

E. WHITTAKER, ⎫
JOS. DONIPHAN, ⎭ . . . . . . . . . . For Appellee,

CITED

6 Bush, 698, Weil & Brother v. Silverstone.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The instructions given by the court below were substantially correct. The court told the jury, in an instruction given in lieu of the instructions asked for by appellant's counsel, " that. if James Norris received the tobacco, as a commission-merchant or shipper, to sell for the plaintiff, and that he sold the tobacco or authorized the defendants to sell it, and it was sold by the defendants and the money paid by them to James Norris, they must find for the defendants, unless they find that

the defendants had notice before said payment to pay the same to plaintiff." This instruction embraced the law of the case for the defendant upon the facts proven.

The essential question presented in the case is as to the admissibility of the deposition of Phipps in behalf of the appellee.

It is made to appear from the facts presented in this record that James Norris was the principal and perhaps the only witness upon whom the appellee relied to sustain his claim against the appellant. The suit was instituted in the county of Bracken by the appellee to recover of the appellants the proceeds of some tobacco alleged to have been sold by them for the appellee. The appellants resided in the city of Covington; and with a view of impeaching the testimony of the witness Norris, and in anticipation of the fact that he would be examined on the trial of the case, took the deposition of the witness Phipps for the purpose of showing that this witness, James Norris, had made statements relative to the controversy between these parties that would conflict with any statement that might thereafter be made by the witness, on the trial of the cause, sustaining the validity of appellee's claim. The deposition upon its face shows that this was the only object the appellee had in view, and the facts stated in the deposition are wholly incompetent for any other purpose.

Upon the trial the appellee's counsel, having examined the witness James Norris, as well as others, announced himself through with his testimony; the appellants then introduced their witnesses, and closed the case without reading the deposition of Phipps. The appellee's counsel then moved the court to permit him to read the deposition, to which the appellants objected; the objections were overruled, and the deposition read by appellee's counsel to the jury.

The rule of law is, that where a party takes a deposition and declines to read it upon the trial, it may be read by the

Sullivan, &c. v. Thornton Norris.

adverse party. There are several adjudications by this court sustaining this rule of practice, as well as the principle upon which it is based.

The cases of Messick v. Ray (3 Metcalfe, 427) and Weil & Brother v. Silverstone (6 Bush, 701) presented questions having some analogy to the present case. The latter case is relied on by counsel for the appellee as authority for the position assumed here. This court in that opinion says: "That although Lipman was not a competent witness for the appellant, still the objection to his competency was waived by the act of the adverse party in introducing him. Having examined him himself, the adverse party became entitled to do so, and we should not be allowed to experiment on his rights by taking the deposition, and on finding it unfavorable to him reject it as incompetent testimony against him."

In the cases referred to as authority bearing upon this question it will be found either that the witness whose deposition was read was incompetent in behalf of the party against whom he was called to testify, but made so by the party entitled to use him first introducing the witness or taking his deposition, or where testimony affecting the question at issue, incompetent as against the adverse party, is made competent by the party offering it, or in a case where the witness and his testimony is competent for either party. The rule of practice we are considering is subject to exception, and it would certainly be enlarging it very much to apply the principle to the present case. The appellant had the right to take the deposition in order to show that the witness, in the event he sustained appellee's claim, had made statements inconsistent with such testimony; the deposition is taken for that purpose, and filed with the papers in the case. Appellants' counsel finding, when the witness is examined, that the statements made by him, as proven by Phipps, are identical with the statements made upon the trial, or for some other reason,

declines the effort to impeach the credit of the witness by reading the deposition or the introduction of any evidence on that subject.

It is well settled that a party is not allowed to introduce evidence for the purpose of sustaining the credit of his own witness when the credit of that witness has not been impeached. The admission of the deposition in this case violates this well-settled rule of law, and a party permitted to bolster up the credibility of his own witness merely because a deposition had been taken in the cause, for the purpose of impeaching his credit, although that deposition was not read or offered to be read by the adverse party; the deposition contained nothing affecting the issues involved between the parties, and no injury had resulted to the appellee by the failure of the appellants to read it. If the character of the witness had been assailed, and the appellants declined to read the deposition, then the appellee would have had the right to use it as evidence for the purpose of sustaining his witness. The deposition seems to have been read as evidence in chief without any explanation of its object or purpose, and was prejudicial to the appellants. The deposition was not competent testimony for the appellee, and should not have been read.

Whether or not the deposition had a controlling influence with the jury in rendering their verdict we are unable to say; but the testimony was somewhat conflicting in the case, and the jury must have attached some importance to this deposition in considering their verdict.

For the reasons herein indicated the judgment of the court below is reversed, and the cause remanded with directions to grant to appellants a new trial, and for further proceedings not inconsistent with this opinion.