Button v. Kremer.

---

CASE 50—ACTION BY H. L. KREMER AGAINST A. BUTTON TO ENFORCE A LIEN FOR APPORTIONMENT WARRANTS.—DEC. 17.

# Button v. Kremer.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

STREET IMPROVEMENT—INTERSECTIONS—PAVING—ASSESSMENT OF COST.

Held:  1. Kentucky Statutes, section 2833, provides that, if the territory to be charged with the cost of constructing a street improvement is bounded on all sides by principal streets, the cost must be apportioned among the lot owners in each one-fourth of the square contiguous to the improvement, and, if the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement must state the depth on both sides "fronting" the improvement, which is to be assessed according to the number of square feet owned by the parties within the depth set out in the ordinance.  HELD, that such statutes did not provide any mode of assessment for the improvement of a street intersection which was not surrounded by property bounded by streets, nor had any property fronting thereon, and hence the cost thereof must be paid by the city.

LANE & HARRISON, FOR APPELLANT.

## POINTS AND AUTHORITIES.

When the territory contiguous to any street improved (in a city of the first class) is not defined into squares by principal streets, the only property liable to assessment for such improvement, is that which fronts the improvement.  Such property so fronting the improvement is by the existing law charged with its cost; and neither the council or the court can make

it a charge against any other property. The only authority of the council is to state the depth of the property "fronting the improvement." Sec. 2833, Kentucky Statutes; Gleason v. Barnett, 20 Ky. Law Rep., 1694; Fid. Trust & Safety Vault Co. v. Voris, 22 Ky. Law Rep., 1875; Broadway Baptist Church v. McAtee, 8 Bush, 516; Preston v. Obst, Man. Opn., Feb. 1875, Reptd. in Burnett's Code, p. 755; Fox v. Middlesborough, 96 Ky., 262; Louisville v. Nevin, 10 Bush, 551; Craycraft v. Selvage, 10 Bush, 696; Caldwell v. Rupert, 10 Bush, 179.

CARROLL & CARROLL, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Property is assessable for street improvements when the quarter square or taxing district in which it is located binds upon the improvement. Boone v. Nevin, 15 R., 54.

2. The Legislature in section 2833, Kentucky Statutes, used the language "fronting the improvement" in the sense of "binding upon, abutting or contiguous to the improvement" and for the purpose of fixing a taxing district or territory to be assessed in the same manner and for the same amount per square foot, as if it were defined into squares.

3. The chief object to be attained in assessment for street improvement is equality of burden upon contiguous property.

4. Ti e charter for second class cities especially provides that such cities shall pay the cost of the improvement of intersections of streets and alleys, but such a provision is omitted from the charter of first class cities. Sec. 3096, Kentucky Statutes.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

On the 6th of June, 1898, the general council of the city of Louisville adopted the following ordinance for the original construction of the carriage way of Fourth street from the center line of Brandeis avenue, extended, to the south line of Brandeis avenue, extended:

"Be it ordained by the general council of the city of Louisville: That the carriage way of Fourth street, from the cnter line of Brandeis avenue extended to the south line of Brandeis avenue extended, shall be thirty-six feet in width, and shall be improved by grading, curbing and paving with vitrified brick, with corner stones and footway crossings across all intersecting streets. Said work shall be

done in accordance with the plans and specifications on file in the office of the board of public works, and at the cost of owners of ground on the east side of Fourth street from Brandeis avenue to a line 210 feet south and parallel to Brandeis avenue, and extending back to a line 200 feet east of and parallel to Fourth street, and on the west side of Fourth street from an outer line of Brandeis avenue extended, to a line 210 feet south of and parallel to Brandeis avenue extended, and extending back to a line 200 feet west of and parallel to Fourth street. The cost to be equally apportioned among the owners of property according to the number of square feet of ground owned by the parties respectively within the limits above set out, and that all ordinances in conflict herewith be and are hereby repealed. Wm. M. Finley, C. B. C. Sam'l S. Blitz, P. B. C. Chas. C. Martin, C. B. A. Paul C. Barth, P. B. A.

"Approved the 6th of June, 1898. Chas. P. Weaver, Mayor."

The work was duly constructed in accordance with the specifications of a written contract made with the city by V. Humpich, and was accepted by the city, and the cost, amounting to $280.17, apportioned among the following named owners of property, as appears from the list furnished by the city assessor:

| | | | | |
|---|---|---|---|---|
| Albert Button, 40x200 | 8,000 | sq. | ft. | $ 26 33 |
| Josephine Berry, 40x200 | 8,000 | " | " | 26 33 |
| A. Button, 33' 6"x116 | 4,234 | " | " | 13 94 |
| Mary Callahan, 30x116 | 3,480 | " | " | 11 45 |
| Ella Friedlieb, 30x116 | 3,480 | " | " | 11 45 |
| A. Button, 23.5x116 | 2,726 | " | " | 8 97 |
| A. Button, 80x120 | 9,600 | " | " | 31 60 |
| | | | | |
| Totals East side | 39,520 | sq. | ft. | $130 08 |

Button v. Kremer.

### West Side.

| | | | | |
|---|---|---|---|---|
| Chess-Wymond Co., 31x95 | 2,945 | sq. | ft. | $ 9 69 |
| Gertrude W. Pate, 65x95 | 6,175 | " | " | 20 32 |
| Frank Schwab, 30x95 | 2,850 | " | " | 9 38 |
| Elijah Riggs, 28x95 | 2,660· | " | " | 8 76 |
| Chess-Wymond Co., 27' 4"x95 | 2,597 | " | " | 8 55 |
| Emma A. Sigel, 30x95 | 2,850 | " | " | 9 38 |
| R. T. Meek, 27' 4"x95 | 2 597 | " | " | 8 55 |
| Chess-Wymond Co., 1.334x95 | 126 | " | " | 41 |
| Chess-Wymond Co., 240x95 | 22,800 | " | " | 75 05 |

| | | | | |
|---|---|---|---|---|
| Totals West Side | 45,600 | sq. | ft. | $150 05 |
| Totals East side | 39,520 | " | " | 130 09 |

| | | | | |
|---|---|---|---|---|
| Total amount of contract | 85,120 | sq. | ft. | $280 17 |

And apportionment warrants were issued to the contractor against the property liable for the cost of the improvement, which was subsequently assigned to the appellee, Henry L. Kremer, who instituted this suit, asking an enforcement of the lien against the property. The city of Louisville was also made a party, with a view of taking a judgment against it in the event the court refused to subject the lots of the other defendants. The defendant A. Button answered that his lots could not be subjected to the apportionment warrants, for the reason that the territory contiguous to Fourth street, between the center line of Brandeis avenue, extended, and the south line of Brandeis avenue, extended, was not on or prior to the 6th day of June, 1898, nor since, defined into squares, or included within territory bounded by principal streets, and further alleged that none of the lots sought to be subjected fronted upon Fourth street, between the center and south lines of Brandeis avenue, extended.

The following facts were agreed to: "First, that Fourth
street and Brandeis avenue are principal public streets of
and in the city of Louisville; second, that Fourth street ex-
tends from the north limits of Louisville south to a point
beyond Brandeis avenue, extended; third, that Brandeis
avenue extends from First street west to the east line of
Fourth street, and no further; fourth, that there is no street
west of Fourth street, opposite to the improvement au-
thorized by the ordinance set up herein; fifth, that the terri-
tory fronting said improvement is not defined into squares
by principal streets."

The following plat of the territory assessed by the or-
dinance will assist in illustrating the situation:

The chancellor held that the property of the defendant
Button was in lien for the apportionment warrant, and ad-
judged its sale, and the defendant has appealed.   He insists
that as the contiguous territory is not defined into squares
by principal streets, and his lots do not front the improve-
ment, they can not be charged with payment therefor, un-

der section 2833 of the Kentucky Statutes, which is a sec-
tion of the charters of cities of the first class, and which
reads as follows: "When the improvement is the original
construction of any street, road, lane, alley or avenue,
such improvement shall be made at the exclusive cost of
the owners of lots in each fourth of a square, to be equally
apportioned by the board of public works according to the
number of feet owned by them respectively. And in such
improvement the cost of the curb shall constitute a part
of the construction of the street or avenue and not of the
sidewalk. Each subdivision of the territory bounded on
all sides by principal streets shall be deemed a square.
When the territory contiguous to any public way is not de-
fined into squares by principal streets, the ordinance pro-
viding for the improvement of such public way shall state
the depth on both sides fronting said public improvement
to be assessed for the cost of making the same according
to the number of square feet owned by the parties respect-
ively within the depth as set out in the ordinance." It
will be observed that the statute provides for two condi-
tions in which a tax may be levied: First, if the territory
to be charged with the cost of constructing the street is
bounded on all sides by principal streets, the cost must be
apportioned among the owners of lots in each one-fourth
of a square contiguous to the improvement. If, on the other
hand, the territory contiguous to any public way is not de-
fined into squares by principal streets, the ordinance provid-
ing for the improvement of such public way must state the
depth on both sides fronting said public improvement which
are to be assessed for the cost of making same, according
to the number of square feet owned by the parties, respec-
tively, within the depth set out in the ordinance. This case
does not fall within either of the conditions recited in the

statute. It is admitted that the contiguous territory is not defined into squares, and it is apparent from the admitted facts that appellant's property does not front that part of Fourth street, with the improvement of which they are sought to be charged in this proceeding. The statute has failed to provide for the exact conditions shown to exist in this case. The tax can not be assessed in either mode pointed out by the statute, and, if it be upheld, the chancellor must exercise the legislative function of establishing for this particular case a rule of assessment not provided for. "It is a principle universally declared and admitted that municipal corporations can levy no tax, general or special, upon the inhabitants or their property, unless the power be clearly and unmistakably given. . . . And this rule applies to the assessment for local improvements." See Dill. Mun. Corp., sec. 605, and Caldwell v. Rupert, 73 Ky., 182. And such power is always strictly construed. Applying this principle to the facts of this case, we reach the conclusion that the general council have no power to impose the cost of the construction of this small part of Fourth street upon any property, and that its cost necessarily falls upon the city, under its contract with Humpich.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.