CASE 59—ACTION BY HENRY L. KREMER AGAINST MARGARET PFAF-
FINGER AND OTHERS TO ENFORCE A LIEN FOR STREET IMPROVE-
MENTS—MAY 5.

## Pfaffinger and Others v. Kremer.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.    REVERSED.

MUNICIPAL   CORPORATIONS—STREET   IMPROVEMENTS—ASSESSMENT—
PROPERTY ASSESSABLE—EXCESSIVE ASSESSMENT—SALE OF PROP-
ERTY.

1. Under Kentucky Statutes 1899, section 2833, providing that where
an improvement is the original construction of a street, it shall
be made at the exclusive cost of the owners of lots in each fourth
of a square bounded by principal streets, to be equally appor-
tioned by the board of public works according to the number
of feet owned by such owners, and, where the territory is not
defined into squares by principal streets, the improvement ordi-
nance shall state the depth on both sides fronting the improve-
ment which is to bear the cost thereof, property in the de-
fined square may be assessed for the improvement, although it
does not front thereon.
2. A tax for a street improvement is assessed against a designated
district, and not against the property owners, and therefore a
tax greater than the value of the part of the lot within the
designated district after the improvement has been made is
void, although such tax is less than the value of the entire
lot, a part of which is not within such district.
3. In a proceeding for the sale of a lot for nonpayment of an assess-
ment, where a part of the lot was not within the area subjected
by ordinance to the burden of the improvement, while the whole
lot was properly ordered sold, it was error to adjudge that the
proceeds of sale should be divided according to the proportion
of the superficial area of the part of the lot in lien to that not
in lien, instead of according to the proportionate values of the
parts of the lot.

LANE & HARRISON, FOR APPELLANTS.

### PROPOSITIONS INVOLVED.

1. When the amount apportioned or charged under the pro-
visions of section 2833 of the Kentucky Statutes against a lot

of land as its proportion of the cost of improving a public way along its front is as much or more than such lot is worth, or could be made to bring at a fair sale thereof, the court will refuse to enforce the lien on such lot in discharge of the apportionment against it, because to do so would deprive the owner of his lot and apply it to public use without compensation. Sec. 2833 of the Kentucky Statutes; Belknap v. Fidelity 22 Ky. Law Rep., 1875; Broadway v. McAtee, 8 Bush, 519; Preston v. Rudd, 84 Ky., 156; James v. Louisville, 19 Ky. Law Rep., 448; Louisville v. Louisville Rolling Mills, 12 Bush, 416.

2. It is not in the power of the General Assembly to authorize the enforcement of the liability on any other property of the citizen to pay the cost of improving a public way along its front, than the property receiving the benefit of such improvement. There is no personal liability for any such charge, nor can such personal liability be constitutionally imposed. Meyer v. Covington, 20 Ky. Law Rep., 239; Barker v. The Southern Construction, 20 Ky. Law Rep., 796; Fehler v. Gosnell, 99 Ky., 380.

3. It belongs exclusively to the legislative department to prescribe the remedies for the enforcement or collection of taxes or assessments, and there is no power in the court to supply a remedy where none exists, or to amend the remedy where one is defective, in a proceeding to enforce the collection of taxes or assessments. The court is as destitute of power to prescribe or furnish such remedies as it is to impose a tax. The remedy prescribed in all such cases fixes the amount and extent of relief to which a party is entitled, and no other or different can be given by the courts. McLean v. Deposit, 81 Ky., 258.

CARROLL & CARROLL, FOR APPELLEE.

POINTS AND AUTHORITIES.

1. If a part only of a city lot is assessed for street improvements it is not spoliation if the whole lot is worth more than the assessment, although the particular part assessed may be worth less, for in considering the question of "benefits" or "equivalents" the whole lot must be taken as a unit. Preston v. Rudd, 84 Ky., 154.

2. Subsection 1, section 694, Civil Code, does not require an allegation to be made in the pleadings to the effect that the property is divisible or indivisible. Sears, &c., v. Henry, 13 Bush, 413.

3. Section 2833, Kentucky Statutes, which provides that when the territory contiguous to the improvement is not defined into

squares the ordinance shall fix the depth upon both sides fronting the improvement to be assessed, merely means that a district shall be fixed which shall correspond with the quarter square where the territory is defined into squares, therefore it is only necessary that the *district* should bind upon the improvement. Boone v. Nevin, 15 R., 47; Fidelity Trust & Safety Vault Co. v. Voris' Exors., 22 R., 1875.

4. The chief object to be attained in taxation is uniformity and equality. Preston v. Rudd, 84 Ky., 154; Preston v. Roberts, 12 Bush, 585.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

This appeal is prosecuted from a judgment enforcing a lien asserted by appellee, assignee of the contractor, on the lots of land belonging to appellants for the improvement by original construction of a part of Adams street, Louisville, from a line 228 feet northwestwardly of Maiden Lane for a distance of 200 feet. The territory contiguous to the improvement sought to be taxed upon each side of Adams street is not defined into squares or principal streets, or bounded by principal streets, and therefore the general council, in the ordinance providing for the improvement, designated the depth upon which the assessment should be laid on each side of the way as improved to pay the cost thereof. The improvement began some 55 feet from Quincy street, the nearest intersecting street. A lot of land owned by Elizabeth Hartell, but which does not extend to the full depth fixed by the general council for the territory bearing the burden of the improvement, lay parallel with the street, but between that lot and the furthermost line of the improvement area would be included parts of the three lots of appellants. As a matter of fact the territory designated to bear the cost of this improvement extended across the lots of appellants, but did not include the whole of any of their lots. The apportionment warrants issued upon this improvement were more in every

instance than the value of any of the lots within the area designated by the ordinance after the improvement was made. The circuit court, however, subjected the whole of the lots to sale, and directed that the apportionment warrants should be paid out of the proceeds in the proportion that the area thereof that was within the improvement district bore to the whole of the lot, surface measure.

The following plat will make plain the situation of the lots and the street improvement sought to be charged thereon:

The appellants are Margaret Pfaffinger, Margaretha Koch, and Ludwig E. Beck. The amount of the apportion-

ment warrant assessed against each of their lots is shown in figures on the plat. The proof is uncontradicted that each of these lots is worth not exceeding $100—that is, the portion embraced by area defined by the ordinance; while, if the whole lot is considered, running from Quincy street to Beargrass creek, then the value of each lot is several hundred dollars.

Appellants present three principal grounds upon which a reversal is sought. In the first place, they contend that, inasmuch as none of their lots fronted upon Adams street, they were not liable to assessment for the improvement of that thoroughfare. But we are of opinion that it is not a question under the statute whether the lot required to bear some part of the street improvement assessment actually fronts or abuts upon the street, or the part thereof so improved. Taxes must be uniform, as far as may be practicable; but absolute equality is unattainable. The most practical application of the doctrine of uniformity in such cases as this is to provide a certain district, which in fact or in every probability is, or from its situation is conclusively deemed to be, benefited by such improvement, upon every part of which an apportionment tax may be laid ratably and equally. Where the public way to be improved is abutted by property defined into squares by principal streets, or the property to be assessed is bounded by principal streets, then the quarter sections of the square contiguous to the property improved is deemed to be the proper territory to bear the cost of the improvement. Or, if the territory is not laid off into squares or principal streets, then the council must, in the ordinance providing an improvement, select and define the territory contiguous thereto which should bear the cost of that improvement. Section 2833, Ky. St., 1899. Therefore the front-foot theory has

nothing to do with the question, but it is one of proportion; its part of the cost of the improvement being as the number of square feet in the lot taxed bears to the area of the designated district to which it belongs.

The second proposition is that, inasmuch as the apportionment warrant issued against each of appellants is more in every instance than the property owned by any one of them within the apportionment district, therefore it amounts to spoliation, as defined by this court in numerous decisions: Broadway v. McAtee, 8 Bush, 519, 8 Am. Rep., 480; Preston v. Rudd, 84 Ky., 156, 7 R., 806; James v. Louisville, 19 R., 447, 40 S. W., 912; Louisville v. Lou. Rolling Mills, 3 Bush, 416, 96 Am. Dec., 243.

For appellee it is argued that the test is not whether the value of the property within the apportionment district is less than the cost of the improvement apportioned against it, but whether such proportionate cost of improvement is as much or more than the value of the whole lot of which the part sought to be subjected to the tax is a parcel. We can not agree with this reasoning. The thing taxed is the designated district, and that alone; not its owners. Nor is it considered in connection with other property held by the same owners. This must be so, because the true theory underlying this method of taxation is that the territory selected and made to bear the tax is the only one presumably directly benefited thereby. Else, to hold that other territory is also directly and equally benefited, but not taxed at all for that improvement, is to impose a tax upon one man's property for the benefit of another's of the same kind and class, which is not taxed at all. This would destroy that uniformity and equality which in theory, and practically in fact, run through and support this whole doctrine. Besides, it would otherwise be unjust. For ex-

ample, in the case at bar, if we assume that the portions of appellants' lots not embraced in the designated area are to be considered in determining whether the tax or cost of improvement imposed is as great or greater than the value of the property made to bear it, then when that part of the public way lying adjacent to these outlying parts comes to be improved they would again be taxed for a similar improvement. So that while, in the aggregate, the costs of say three improvements corresponding in length with appellants' lots would be more than the value of their lots, yet no one of the improvements would be as much. The result to the owner of the lot would be that his lot has been taken entirely for the improving of the adjacent public way. That is spoliation, if anything is. If the tax imposed is equal to the value of the property taxed after the improvement for which the tax is laid, it is not material to the lot owner whether it is more, or how much more, for he loses interest at the point where the proposed tax consumes the property taxed. In the case of each of the appellants the tax sought to be imposed is greater than the property upon which it is or can be laid, and is, therefore, void.

The remaining question is close akin to the one just decided; that is, could the court properly apply any part of appellants' properties outside of the improvement district to the payment of the tax? We do not understand that his honor, the learned judge who tried this case, really meant to hold that they could be. What the judgment undertook to provide was a sale of an indivisible piece of property as a whole in a proceeding against the owner to enforce a lien against a part of it. The circuit court correctly decided that the whole lot should be sold (provided the tax was a valid one); but the proceeds of the sale

should not have been adjudged upon the proportion of superficial areas. If the part of the lot in lien to appellee was one-fourth, say, of the area of his whole lot, but only one-tenth of the value of the whole, this judgment might result in appropriating a part of appellants' lot not in lien to the payment of the lien. The effect would be to indirectly make the lot owner personally liable for some part of the tax, which this court has held could not be done under the statute. Meyer v. Covington, 103 Ky., 546, 20 R., 239, 45 S. W., 769; Barker v. The Southern Construction Company, 20 R., 796, 47 S. W., 608; Fehler v. Gosnell, 99 Ky., 380, 18 R., 238, 35 S. W., 1125. To make other property liable than that taxed is equivalent to a personal liability of the owner, although a personal judgment is not rendered, because it amounts to the same thing as a personal liability, which is nothing unless the person's property may be subjected to its satisfaction.

The judgments are reversed, and cause remanded, with directions to dismiss the petition so far as it seeks a recovery against appellants.