Case 21.—ACTION BY L. R. FIGG AND OTHERS AGAINST JAMES A. HOLT TO ENFORCE A LIEN FOR IMPROVING AN ALLEY.—June 7.

## Holt v. Figg, &c.

Appeal from Jefferson Circuit Court, (Chancery Branch, 2d Division.)

SAM'L B. KIRBY, Judge.

Judgment for Plaintiffs. Defendant appeals. Affirmed.

1. Municipal Corporations—Liens for Local Improvements—Enforcement—Petition—A petition in a suit to enforce a lien against real estate for a local improvement is good, though its

prayer seeks to subject to the payment of the claim sued on more land than is within the taxing district.

2. Same—Assessment—Validity—A tract of land in a city was bounded on the north, east, south, and west by streets, except that the street on the west did not extend to the street on the south by about 228 feet. An alley extending about half way through the southwest quarter' square, and then turning to the north to connect with another alley running east and west, was ordered improved. Held, that the territory between the streets was properly treated as a square, within Ky. St., 1903, Sec. 2833, which provides that the improvement of an alley shall be made at the cost of the owners of lots in each fourth of a square according to the number of feet owned by the respective owners, etc., and an assesment on the lot which included the street on the west side of the square, which was not opened so as to extend to the street on the south of the square, was properly made by excluding that part of the lot which would be covered by the street on the west side of the square when extended to the street on the south side.

DURELLE & McHENRY and JNO. J. C. WATSON for appellees.

(No brief in the record.)

ERNEST MACPHERSON for appellant.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

1. There is no common law liability upon lot owners to pay for their improvement of an adjacent street. (City of Henderson v. Lambert, 14 Bush, 25.)

2. Statutes authorizing assessments for street improvements are to be strictly construed against those asserting claims under them. (City of Henderson v. Lambert, supra.) Every provision of the statute charter, or ordinance looking to such assessments must be strictly complied with. (McGrath v. Trustees of Shelbyville, 13 Ky. Law Rep., 588; Dillon Mun. Corp., Vol. 2, Section.)

3. The only statute that could apply to this case is Sec. 2833, Kentucky Statutes, which has not been observed. Two modes of assessment are therein provided for. (1) If the territory assessed be a "square" as defined in the statute, the board of public works must apportion the cost among the owners of lots in each fourth of a square. This part of the statute has no application as the territory herein in question is not bounded on all sides by principal streets. (2) If the contiguous territory be not defined into squares an ordinance of the council must "state the depth on both

sides fronting the improvement." There was no such ordinance in this assessment. The statute construed in Fidelity T. & S. V. Co. v. Voris' Exor., 22 Ky. Law Rep., 1875.

4. The chancellor may not exercise legislative functions and provide for a situation not covered by the statute. (Button v. Kremer, 24 Ky. Law Rep., 1193.)

5. If not in a public square the assessment of the property is made on the theory of benefits to abutting property. (Fidelity T. & S. V. Co. supra.)

6. The Court of Appeals has never sustained an apportionment by treating as a street ground which might be a street on the theory that if opened or dedicated or condemned the territory would constitute a "square." (Cooper v. Nevin, 90 Ky., 85, and Dumesnil v. Shanks, 97 Ky., 354, explained and distinguished from this case.)

7. Where defendant in an apportionment suit claims that under no legal condition could his property be assessed for the particular improvement he is not called upon to show that any method of assessment other than the one pursued would be less onerous or more equitable.

## Opinion by Judge Settle.—Affirming.

The appellant, James A. Holt, by this appeal seeks the reversal of a judgment rendered by the court below which decreed the enforcement of a lien in favor of appellees against his real estate situated on Broadway near Twentieth street, in the city of Louisville, for the cost of improving an alley near the same, amounting to $165.74, with 6 per cent. interest from August 31, 1897, which sum was duly apportioned and assessed by ordinance enacted by the council of the city of Louisville, as appellant's proportionate part of the cost of the improvement in question. The map given below correctly shows the location and dimensions of appellant's lot, the square of which it is a part, the alley with the improvement for which the property of appellant was assessed in part, and the streets surrounding the square:·

Appellant's answer to appellees' petition denied that his lot was, or could legally be, made liable for the cost of improving the alley, because the territory in which his lot is situated is not completely surrounded by principal streets; therefore it is not in fact or law a square. Further, that the council could not have adopted the method of fixing the depth on each side of the alley to which the assessment should extend, because his lot does not touch the alley; therefore no valid assessment could be made against his property. The lower court sustained a demurrer to the second paragraph of the answer, which denied the validity of the assessment upon the ground indicated, and refused to permit appellant to file an amended answer containing a more elaborate plea of the same matter, to each of which rulings he at the time excepted, but refusing to plead further, the judgment appealed from was thereupon entered.

The square in which appellant's lot is situated is bounded on the north by Magazine street, on the east by Nineteenth street, on the west by Twentieth street, and on the south by Broadway, and is complete except that Twentieth street does not extend to Broadway by about 228 feet on its eastern line. Appellant

owns the ground over which Twentieth street would pass if opened to Broadway, and, by extending that street to Broadway, it would leave a lot belonging to appellant with two parallel sides, respectively, 228 feet and 195 feet; the ends of these parallel sides, being connected by lines respectively 124 feet and 105 feet long and including something over 20,000 square feet. It is objected by appellant that the description of his land furnished by the petition includes both the part which will be embraced in the square formed by extending Twentieth street, and also that part of his lot which would be covered or occupied by the street itself. This is true, but the assessment is only for about 21,000 square ft. included in the quarter square assessed, and that amount, as a simple computation will show, is the amount of appellant's land which is within the lines of the quarter square, after extending Twentieth street. The petition is good, although its prayer apparently seeks to subject to the payment of the claim sued on more land than is within the taxing district. In other words, appellees did not by the judgment complained of get all that they prayed for, but only what they, according to the averments of the petition, showed themselves entitled to; that is, a lien only upon that part of appellant's land which is within the quarter square for the amount apportioned to about 21,000 square feet, which is the amount properly assessable under the quarter-square system of assessment upon that part of his land included within the quarter square.

In directing by ordinance the improvement of the alley from Nineteenth street westwardly through the southwestern quarter square mentioned, extending about half way through the southwestern quarter square and then turning to the north, to connect with another alley running east and west, there were only two modes of assessment open to the city council from which it was necessary for it to select the right one. If the wrong method had been selected, the assess-

ment made thereunder would not have been enforced
by the courts. If the method of creating the taxing dis-
trict by metes and bounds, extending an equal depth
on each side of the improvement, had been selected,
the enforcement of the contractor's lien for the cost
of the improvement would have been resisted upon the
ground that this was a square surrounded on all sides
by principal streets—to all intents and purposes it
was a practicable square, and the case of Cooper v.
Nevin, 90 Ky. 85, 11 Ky. L. R. 875, 13 S. W. 841, would
have been relied on to defeat the action. On the other
hand, if the assessment had been made upon the two
squares, extending from Nineteenth to Twentieth
streets, and bounded on the north and south by Maga-
zine and Broadway, treating the whole territory there-
by included as one square, then the quarter squares
subject to the assessment would have been twice as
large as under the system which was adopted, and
property holders owning land in the additions thus
made to the quarter square could have defeated the
assessment for the cost of the improvement under the
case of Dumesnil v. Shanks, 97 Ky. 354, 17 Ky. L. R.
170, 30 S. W. 654, 31 S. W. 864. From which case it ap-
pears that an alley was opened through the eastern
half of a large square, running from Fourth to Sixth
streets, and the court held that, the whole tract be-
ing in effect two squares, the western square should
not be assessed for the opening of an alley through
the eastern half. We are unable to see any error in
the assessment made in the case at bar. Obviously
any other method than that adopted would be im-
proper. We think the territory between Nineteenth
and Twentieth streets was properly treated by the
lower court as practically a square, and the alley im-
proved being in a square practically surrounded on
all sides by principal streets, the system by quarter
squares was the only one applicable to the case. Ky.
St. 1903, § 2833. If it were true that the method of
assessment adopted by the city council is illegal, ap-

Holt v. Figg, &c.

pellant has not alleged or proved that, by some other and correct method, the assessment would be more favorable to him.  In our opinion the court did not err in sustaining the demurrer, in rejecting the amended answer, or in rendering the judgment complained of by appellant.

Wherefore the judgment is affirmed.