## Engelhard, et al. v. Kentucky & Indiana Construction Company, et al.

### (Decided February 16, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Municipal Corporations.—Street Improvements—Assessment for.
—The council had the power to adopt an ordinance providing for the improvement of Barney Avenue from Park Boundary Road to Alta Avenue, extending back a depth of 378 feet, the work to be done at the cost of the owners of the ground within the boundary, although a part of the boundary was outside of a line drawn

at right angles from the intersection of Barney Avenue with Park Boundary Road.

R. A. McDOWELL for appellants.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The city council of Louisville adopted an ordinance providing that the "carriageway of Barney Avenue from the southeast line of Park Boundary Road to the northwest line of Alta Avenue should be 30 feet in width and should be improved by grading, curbing, and paving with asphalt pavement, and that said work should be done at the cost of the owners of the ground, as provided by law, on both sides of Barney Avenue from Park Boundary Road to Alta Avenue and extending back northeast and southwest, respectively, to a depth of 378 feet."

Barney Avenue, speaking generally, but not according to the exact points of the compass, runs east and west, intersecting on the east Alta Avenue and on the west Park Boundary Road, the distance between the points of intersection being about 282 feet. From the point of intersection Alta Avenue runs in a northerly direction almost at right angles with Barney Avenue, while Park Boundary Road runs in a northerly direction about 150 feet and then rather abruptly turns to the west, running in a northwesterly direction for several hundred feet.

The appellants, Engelhard, Lock and Mewborne own lots fronting on Park Boundary Road and within 378 feet from Barney Avenue. The lot of Mewborne, which is a hundred feet wide, is 150 feet north of Barney Avenue. Adjoining this lot on the north is the lot of Lock, which is also a hundred feet wide; and adjoining this lot on the north is the lot of Engelhard, also a hundred feet wide. The Board of Public Works, in making its apportionment for the cost of the improvement of Barney Avenue, took in the whole of these three lots, while counsel for the appellants. insist that only so much of these three lots was subject to the improvement tax as lay within a line drawn at right angles from the point where Barney Avenue intersected Park Boundary Road. That no part of these lots between a line so drawn and Park Boundary Road could be subjected to the improvement tax. The result of this would be that about half of

each of these lots would escape the tax, because a line run at right angles in the manner indicated would leave outside of the tax boundary that part of each one of these lots fronting on Park Boundary Road and running back to the right angle line.

The lower court subjected the whole of all these lots to the tax on the theory that as all of them were within 378 feet of Barney Avenue and between Park Boundary Road and Alta Avenue, they were within the description of the ordinance and subject to the tax.

Section 2833 of the Kentucky Statutes provides, in part, that "when the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth, not exceeding 500 feet, on both sides of said improvement to be assessed for the cost of making the same." And it is the argument of counsel for the plaintiff that as the territory contiguous to Barney Avenue and subject to the improvement tax assessed against property on Barney Avenue was not defined into squares by principal streets, the council had no authority to enact an ordinance imposing an improvement tax on property which at any point covered by the improvement tax extended beyond the ends of the street for the benefit of which the improvement tax was imposed. Or, in other words, taking this case as an example, the council did not have authority to enact an ordinance taxing the property of these appellants outside of a line drawn at right angles from the points at which Barney Avenue intersected Alta Avenue and Park Boundary Road. It is further insisted that the ordinance here in question did not attempt to do more than this, but that the Board of Public Works erroneously construed the ordinance to embrace all the property between Alta Avenue and Park Boundary Road within 378 feet of Barney Avenue, although a good part of the property within this distance was outside of a line drawn at right angles as indicated.

In support of the proposition that property outside of a line drawn at right angles could not be assessed, attention is called to the case of Button v. Kremer, 114 Ky., 463; but an examination of that case shows that it has no pertinent bearing on this case. The court, after setting out the statute, said: "This case does not fall within either of the conditions recited in the statute. It

is admitted that the contiguous territory is not defined into squares, and it is apparent from the admitted facts that appellant's property does not front that part of Fourth Street, with the improvement of which they are sought to be charged in this proceeding. The statute has failed to provide for the exact conditions shown to exist in this case. The tax cannot be assessed in either mode pointed out by the statute.''

Pfaffinger v. Kremer, 115 Ky., 498, is also relied on. But neither is that case applicable to the facts of the case here presented, because in that case the court rested its decision on the ground that the tax amounted to a spoliation, and, further, was an effort to subject property outside of the improvement district to the payment of the tax.

It is well recognized that it is utterly impracticable in many instances to devise a scheme of taxation for street improvement that will not operate unequally upon some property owners. In spite of all that can be done, cases will arise in which some property owners will pay more tax than they ought to pay and some less than they ought to pay. But the general thought running through laws placing burdens for improvement taxes is to tax all property once and to avoid taxing it twice, unless it be that the property fronts on two streets; and this principle applies whether the territory contiguous to the public way improved is defined into squares by principal streets or is not defined into squares. Keeping in mind this equitable and fair principle, it is apparent that, unless the property here in question that lies between Park Boundary Road and the right angle line is taxed, it will escape taxation entirely, because Park Boundary Road is an improved street and the property of· these appellants fronting on this street and running back to the right angle line would escape taxation entirely. Marret v. Jefferson County Construction Co., 161 Ky., 845.

The council, in adopting this ordinance, evidently treated Park Boundary Road and Alta Avenue as principal streets and directed that the improvement tax should extend from Barney Avenue a distance of 378 feet, so as to include all the property between Park Boundary Road and Alta Avenue; and, treating Park Boundary Road and Alta Avenue as principal streets, we think the council had the right to do this. If this scheme is not adopted, then an additional burden will

necessarily fall upon the property that is within the lines drawn at right angles, because the burden of the tax imposed on the property mentioned that lies outside the line would be shifted to the property within the right angle lines.

It happens in this particular instance that a heavier burden is imposed upon the property abutting on Park Boundary Road than is imposed upon that abutting on Alta Avenue, due to the fact that Park Boundary Road for part of the 378 feet runs outside a line drawn at right angles from the intersection of Barney Avenue with this road; while, on the other hand, only a few feet of the property fronting on Alta Avenue extends as far as a right angle line, because Alta Avenue, after leaving Barney Avenue, deflects in a westerly direction, so that the lots that front on Alta Avenue 300 feet, for example, from Barney Avenue are not so deep as are the lots fronting immediately on Barney Avenue.

Thus, on account of the irregular lines of streets, it sometimes happens that more frontage will be subjected to the improvement tax immediately at the street to be improved than will be subjected one hundred feet from the street. Then, again, more property may be subjected to the improvement tax a hundred feet from the street to be improved than will be subjected immediately on this street. But conditions like this and the unequal burdens that follow are unavoidable.

Upon the whole case, we think the judgment of the lower court was correct, and it is affirmed.