## Washer v. Henry Bickel Co.

(Decided Dec. 13, 1932.)

500

WILLIAM FURLONG for appellant.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Ben F. Washer is appealing from a judgment enforcing the payment of an apportionment warrant of $866 issued against him in favor of Henry Bickel Company for the original construction of Hemlock street between Southern and Wilson avenues in the city of Louisville.

We are only called upon to determine the propriety of the method by which the assessment was made, since there is no controversy as to any of the steps preliminary to the apportionment of cost of the construction.

Appellant's lot which is the subject of the assessment is a part of what is called a "square" formed by Southern avenue on the north, Catalpa street on the east, Wilson avenue on the southeast, and Hemlock street on the west. Catalpa and Hemlock streets are parallel and Southern avenue runs at right angles with them. But since the length of Hemlock street between the avenues is 528 feet and that of Catalpa street is only

80 feet, it is apparent without the use of a plat that the block is practically triangular in shape. There is an 18-foot alley through the block, about midway between Hemlock and Catalpa streets. The lot in question is in the triangle formed by Wilson avenue, Hemlock street, and a line running at a right angle with Hemlock to the intersection of the alley with Wilson avenue. The course of Wilson avenue from Hemlock to Catalpa is not direct, but runs in a straight line from Hemlock to a point about 90 feet beyond the alley and then veers some degrees to the east in a straight line to Catalpa.

The apportionment of the cost of Hemlock street extended back to the alley thus including all of appellant's lot, and it is contended by appellee that this block is a square within the meaning of section 2833, Kentucky Statutes, therefore the method of assessment pursued is proper. On the other hand, appellant contends that Wilson avenue is a street on the opposite side of the block from Hemlock street, and, therefore, in making the apportionment, the block should be divided by a line bisecting the triangle formed by Hemlock and Wilson streets, so far as it extends, and then extending back and parallel with Catalpa street to Southern avenue. If thus divided, appellant would be required to pay approximately $480 instead of the sum apportioned by the authorities and approved by the chancellor.

The chancellor's opinion found in the record evidences the most careful thought and consideration of the questions presented and bespeaks the difficulties under which he labored without statute or direct precedent as a guide in dealing with an unusual situation growing out of the peculiar shape of the block.

Section 2833, Kentucky Statutes, relating to the original construction of streets in cities of the first class in so far as pertinent provides:

"When the improvement is the original construction of any street, * * * such improvement, * * * shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned. * * * Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square."

The manifest purpose and intention of the statute as revealed by the quoted provision is that each square

foot in a square as therein defined shall bear its proportionate part of the cost of the original construction of two streets.

In the case of R. B. Park & Co. v. Cane, 73 S. W. 1121, 24 Ky. Law Rep. 2294, it was held that under the statute, where the square is not a rectangle, but irregular in shape, the quarter of the square as referred to therein should be determined by finding one fourth of the total square feet. That, of course, as a mathematical problem, is quite simple, but the difficulty in such circumstances arises when it comes to actually laying off the square into quarters in such a way as will be just and equitable to all owners of lots therein.

The portion of the square included in the apportionment contains approximately 61,000 square feet while the remainder contains only about 25,000 square feet, so it will be seen that neither the statute nor the Park Case, supra, was followed in making the assessment. In fact, S. A. Thomas, calculator in the engineering department of the city, where the costs of street improvement is figured and apportioned, testified that no attempt was made to follow the statute by quartering the square. He also testified that, where an unusual situation is presented, it is his custom to consult and be guided by the advice of counsel for the contractor, however, he could not recall whether that was done in this instance. When asked by counsel for appellee regardless of whether he figured the apportionment as a result of advice or upon his own initiative he thought the assessment to be correct, he stated:

"I don't believe it was my own initiative that I did that. I would not have done it as it has been assessed."

He further stated that so far as he remembered it had been a rule and custom during the thirteen years he had acted as calculator to bisect "a triangle similar to this one" in making assessments.

While we are not sufficiently versed in subjects of mathematics and engineering to cope with this complicated situation or to lay down a correct rule to be followed in making an apportionment, it is apparent to us and we unhesitatingly hold that the method followed in this instance is improper and contrary to both the

letter and spirit of the statute. Aside, however, from details to be worked out by minds trained and experienced in such matters, it may be said as to the principle involved that, if this block is to be treated as a square within the meaning of the statute, then it should be divided into fourths as indicated by statute in such a way as would be most equitable to all owners of lots in the block. But the territory in question being so nearly a triangle, it should be treated as such and so divided as that each square foot therein be assessed and required to contribute proportionately to the cost of construction of two streets, and thus carry out the purpose of the statute without following literally its provision with respect to assessment by fourths. It appears to us that a triangle might be so divided by medians which as a proposition of geometry meet at a point two-thirds of the distance from each vertex to the side opposite. The following diagram of a triangular block surrounded by streets will better illustrate our meaning:

When so divided into the spaces as numbered, 1, 2, 3, 4 will pay for A street, 3, 4, 5, 6, will pay for B street, and 5, 6, 1, 2, will pay for C street, thus making each square foot within the block subject to assessment for the cost of two streets.

Judgment reversed for proceedings in conformity with this opinion.