## Hammon et al. v. City of Louisville, for Use and Benefit of Breslin Const. Co. et al.

June 3, 1941.

Baldwin C. Burnam and Peter, Heyburn, Marshall & Wyatt for appellants.

Trabue, Doolan, Helm & Stites, Thomas J. Wood, Luther M. Roberts and Hal O. Williams for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the method followed by the City of Louisville in assessing the costs of construction of a

part of Upland Road. This street runs through a recently developed residential subdivision lying between Lexington Road and Grinstead Drive. The topography of the subdivision is hilly, and for this and other reasons its streets were not laid out on a square plan. As pointed out in the opinion of the trial judge, the streets are curving, as well as running in different general directions. Obviously, a difficult situation was presented to the City in assessing the costs of street construction. The territory on the west side of Upland Road is reasonably well defined, while that on the east is bounded on three sides by Upland Road, Bailey Avenue and Upland Road, which was formerly Transylvania Avenue. Grinstead Drive provides a boundary for a part of the fourth side and then turns abruptly toward the east so that the remainder of that side is without a boundary for the purpose of apportionment. The property of the appellants lies to the east of Upland Road.

Section 2833 of the statutes sets forth the methods of apportioning the costs of the original construction of streets in Louisville. The pertinent part of this section follows:

"When the improvement is the original construction of any street, road, lane, alley or avenue, such improvement, except as provided in Kentucky Statutes, Section 2839, as amended to (by) this act, shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the board of public works, so long as said board exists, and when said board shall have ceased to exist, as provided herein, by the director of works, according to number of square feet owned by them, respectively, and in such improvements the cost of curbing shall constitute a part of the cost of the construction of the street or avenue, and not of the sidewalk. Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares or principal streets, the ordinance providing for the improvement of such public ways shall state the depth, not exceeding five hundred feet, on both sides of said improvement to be assessed for the cost of making the same, including the cost of the improvement of the intersections, if any, of said public way, accord-

ing to the number of square feet owned by the parties respectively within the depth, as set out in the ordinance.''

An examination of the statute reveals two methods of apportionment, namely, one on a square basis, and the other on a depth basis. In attempting to work out an equitable solution of the problem now before us the City combined the two methods by making the assessment on a square basis for the portion of the area considered defined by principal streets, and by using the depth basis for the area not so considered. This appears to be the first case coming before us where the City has attempted to apply both methods on the same improvement project.

The appellants earnestly insist that the methods set out in Section 2833 of the Statutes are separate and distinct and, further, that the situation in the instant case is such that the square basis can not be applied. The City takes the position that the question should be viewed in a practical rather than a technical way, which it contends it did in attempting to work out an equitable plan for the apportionment of the costs of the project. In support of its position the City cites the cases of Holt v. Figg, 123 Ky. 167, 94 S. W. 34, 29 Ky. Law Rep. 613; Cooper v. Nevin, 90 Ky. 85, 13 S. W. 841, 11 Ky. Law Rep. 875; Steinacker v. Gast, 89 S. W. 481, 28 Ky. Law Rep. 573; and Washer v. Henry Bickel Company, 246 Ky. 499, 55 S. W. (2d) 372. See also Pfaffinger v. Kremer, 115 Ky. 498, 74 S. W. 238, 24 Ky. Law Rep. 2368. Situations were presented in those cases which made it impossible to follow literally the square method of assessment. In each of them an equitable plan of assessment was worked out and approved by this Court which the technical application of the statute would not have permitted.

It is obvious that Section 2833 of the Statutes was designed to provide for apportioning the costs of the original construction of streets in Louisville on equitable bases. The first method was meant to apply where territory is laid off in well defined areas, and the second in areas not well defined. It is our view that a part of the subdivision through which Upland Road runs is, for all practical purposes, well defined and part of it is not. Especially is this true of the territory east of Upland Road. While no definite squares have been laid out along Upland Road, the territory is well developed and it

is obvious that a plan of assessing the costs of its construction was necessary which would not place an excessive burden on some property owners. The method suggested by the appellants would produce such a result. Under that plan only a few property owners would be required to pay for the major portion of the project, while their neighbors, who are equally benefited, would bear little, if any, of the cost. We think that the method employed by the City in apportioning the costs of the project in question is in keeping with the spirit of Section 2833 of the Statutes. Unquestionably, the method was designed with the view of making an equitable assessment of the costs of the project and to avoid an unreasonable burden on certain property owners. Under the circumstances, we think the judgment should be and it is affirmed.

Whole Court sitting.