CASE 42—ACTION BY THE EXECUTORS OF S. B. VORIS AGAINST THE FI-
DELITY TRUST AND SAFETY VAULT CO. TO ENFORCE A LIEN FOR THE
COST OF A STREET IMPROVEMENT—MARCH 15.

# Fidelity Trust & Safety Vault Co. v. Voris' Exrs.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.   REVERSED.

STREET ASSESSMENTS—LIABILITY OF PROPERTY NOT BORDERING ON IM-
PROVED STREET.

Held:   Under Kentucky Statutes, secs. 2833, 2834, part of charter of
cities of the first class, providing that, in assessing property for
the cost of the original construction of a street each subdivision
of the territory bounded on all sides by principal streets is to be
deemed a square, and that the cost is to be apportioned in
each fourth of a square equally, but that, when the territory is
not defined into squares by principal streets, the depth "on both
sides fronting said improvement," to be assessed for the cost of
making it, shall be defined by the ordinance, the council, in de-
termining the depth to be assessed, has no power to cross an-
other principal street, and lay the burden on property fronting
on that street, deriving no benefit from the improvement.

HARDIN H. HERR, ATTORNEY FOR APPELLANT.

PIRTLE & TRABUE AND GIBSON & MARSHALL OF COUNSEL.

There is but one question on this appeal and that is this:
What constitutes a principal street, within the meaning of the
charter of cities of the first class?

The city of Louisville passed an ordinance for the improve-
ment of *New Third Street*, and when the work was completed,
issued warrants against the property on the west side of Park
Place (or Old Third Street Road) and the lot owners are resist-
ing payment of the same.

The map on file with this brief, shows the street improved was
New Third Street, and shows that the property assessed for the

improvement and which is the basis of this suit, is on the west side of Park Place. Now, if Park Place (or the Old Third Street Road) is a principal street, then the property on the west side thereof, is not subject to the street assessment for the paving of New Third Street. The evidence shows that Park Place is a principal street, and has been so recognized by the city in various ways; putting electric lights and sidewalks thereon by ordinance. It has almost the same width as Fourth street.

What is a principal street, in the meaning of the city charter, has never been passed on by this court or by any court that I have been able to find. But a street that has very handsome residences fronting on it, and connecting with other principal streets, as does Park Place, is clearly a principal street—Park Place is really a street. New Third Street is nothing but a boulevard. The map bears out this statement.

The property on the west side of Park Place is in no manner benefited by this improvement. The whole foundation and structure of the law on betterments and street assessments, is, that the property upon which the lien is claimed, must be benefited by the improvement.

The city council of a city of the first class, can not assess property on one principal street for the construction of another principal street. Ky. Stats., sec. 2833, (charter of cities of first class, sec. 70); Preston v. Roberts, 12 Bush., 270; distinguished; Cooper v. Nevin, 11 Ky. Law Rep., 402; Stengel v. Preston, 89 Ky., 616.

H. M. LANE, ATTORNEY FOR APPELLEES.

The General Council of cities of the first class, are invested by section 2835 of the Kentucky Statutes, in all cases where the territory contiguous thereto is not defined into squares by principal streets by ordinance, to prescribe the depth to which the assessment for the cost of the improvement of a public way by original construction thereof, shall extend, and unless there be parallel streets not beyond the distance of an ordinary square, the depth must be the same on each side (12 Bush., 506). And this rule is not qualified by intersecting streets forming angles on the one improved. 15 Ky. Law Rep., 548; Fehler v. Gosnell, 99 Ky., 386; Preston v. Roberts, 12 Bush., 583, et seq.; Stengel v. Roberts, 89 Ky., 623; secs. 2833 and 2834, Ky. Stats.; Boon v. Nevin, 15 Ky. Law Rep., 548; Cooper v. Nevin, 90 Ky., 93; Isenberg v. Selvage, 19 Ky. Law Rep., 1963; Louisville v. McNaughton, 19 Ky. Law Rep., 1695.

Opinion of the court by JUDGE HOBSON—Reversing.

On February 14, 1894, the general council of the city of Louisville passed an ordinance fixing the grade of Third street from the south line of Brandeis street to the north line of K streeet extended, and ordering the improvement of the carriage way 42 feet in width from a line 106 feet south of Brandeis avenue to the north line of K street. The territory contiguous to the improvement was not defined into squares by principal streets, and the council, by ordinance, provided that the cost of the improvement should be laid upon the property lying on either side of the street to be improved, and within 200 feet of it. The improvement was made under the ordinance, and this suit was filed by the contractor to enforce his lien upon the property for his work. Third street runs substantially north and south. About 106 feet south of Brandeis avenue it forks. The west fork is known as "Old Third Street," or "Park Place," and has been a traveled way maintained by the city for many years. The east fork, known in the record as "New Third Street," is the street ordered to be constructed. Appellant's property on which the burden of this improvement was placed by the ordinance, lies west of Old Third street, or Park Place; and between it and the improvement is the street in front of it, and also a lot of ground belonging to the Louisville Industrial School of Reform. It is insisted for appellants that the cost of the improvement can not be assessed against their property, as they do not front upon it, and that as the cost of maintaining the street in front of them, as well as part of the cost of maintaining Fourth street and Brandeis avenue, falls upon them, if they can also be assessed for the improvement of New Third street they

may be assessed for three streets running substantially
north and south. The situation is shown in the following
map:

Sections 2833, 2834, Kentucky Statutes, are as follows:

"When the improvement is the original construction of
any street, road, lane, alley or avenue, such improvement
shall be made at the exclusive cost of the owners of lots
in each fourth of a square to be equally apportioned by
the board of public works according to the number of feet
owned by them respectively, and in such improvements
the cost of the curbing shall constitute a part of the cost
of the construction of the street or avenue, and not of the
sidewalk. Each sub-division of the territory bounded on

all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth on both sides fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth as set out in the ordinance. . . .

"A lien shall exist for the cost of original improvement of public ways . . . for the apportionment and interest thereon at the rate of six per cent. per annum against the respective lots. Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules or orders to do justice to all parties concerned; and in no event if such improvement be made as provided for, either by ordinance or contract, shall the city be liable for such improvement, without the right to enforce it against the property receiving the benefit thereof."

It will be observed that each subdivision of the territory bounded on all sides by principal streets is to be deemed a square, and that the cost of the improvement of a street by original construction is to be apportioned in each fourth of a square equally. When the territory is divided into squares, each fourth of a square is the basis of the apportionment. When the territory is not defined into squares by principal streets, the depth on both sides fronting the improvement to be assessed for the cost of making it is to be defined by the ordinance. The statute does not

authorize any property to be assessed under this power,
except that "on both sides fronting said improvement."
The reason of this is that the apportionment for the im-
provement is to be made, as expressed in the last clause of
section 2834, "against the property receiving the benefit
thereof." That part of the statute which makes each
fourth of a square the unit, where the land is divided into
squares, is clearly inconsistent with the idea that, in de-
termining the depth on both sides which may be assessed
for an improvement, the council may cross another princi-
pal street, and lay the burden on property fronting on that
street, and deriving no benefit from the improvement.  If
the council may cross one street, it may cross two or more,
and the property of the individual might thus be taken for
public purposes without just compensation as provided in
the Constitution.  We can not presume the Legislature in-
tended any such result, and, the words of the statute not
requiring such a construction, it can not be adopted upon
doubtful intendment.  This court has often held that the
basis of all assessments of this character is presumptive
benefit received, and that an assessment which amounts
to spoliation will not be enforced. Sutton's Heirs v. City of
Louisville, 5 Dana, 28; Courtney v. Same, 12 Bush., 419.

Preston v. Roberts, 75 Ky., 570, Stengel v. Preston, 89
Ky., 623 (13 S. W., 839), and Boone v. Nevin, 15 R., 548 (23
S. W., 512), are relied on to sustain the judgment.  The
reasoning of the first case supports the conclusion we have
reached in this case.  We fail to see in either of the other
cases anything in conflict with it. The facts of those cases,
under the statute there before the court, distinguish them
from this case.

The city of Louisville is not a party to  this appeal; nei-
ther is the Industrial School of Reform; and what their

liability may be to the contractor, under the facts pre-
sented, we can not therefore now determine. Judgment
reversed, and cause remanded for a judgment pursuant to
this opinion.