## Jochum, et al. v. Henry Bickel Company, et al.

(Decided January 4, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division.)

1. Municipal Corporations—Street Improvements.—Where a street ordered to be improved is bounded on the south by a regular square, and on the north by land in the shape of a triangle, made by the street to be improved and another street intersecting with it, it is proper in adjusting the cost of improvement to bisect the triangular piece of ground on the north and charge that half of it lying next to the improvement with its proportionate part of the cost of the improvement, although this method of apportionment will impose upon the property south of the improved street a heavier burden than would be imposed if the whole of the triangle was assessed.

2. Facts Stated.—In this case, Ellison avenue, between Spratt and Kreiger streets, was ordered to be improved. Charles street runs parallel with Ellison avenue and is 320 feet south of it. Reutlinger avenue is north of Ellison avenue, and forms an angle with it, the piece of ground in the triangle being 250 ft. at its base and the apex being at Spratt street. The apportionment charging one-half, or 160 feet, of the property south of Ellison avenue, and one-half of the triangle north of Ellison avenue, was correct.

ELMER C. UNDERWOOD and O'NEAL & O'NEAL for appellants.

WILLIAM FURLONG and DALLAS E. FURLONG for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is an appeal from a judgment enforcing a lien upon the property of the appellants for the improvement of the carriage-way on Ellison avenue, between Krieger and Spratt streets, in the city of Louisville. The property of appellants is situated on the south side of Ellison avenue, between Kreiger and Spratt streets. The portion of Ellison avenue that was ordered to be improved extends from the center line of Kreiger to the center line of Spratt street. The property on the south side of Ellison avenue, between these two streets, is in the form of a rectangle, while the property on the north side of Ellison avenue is in the shape of a triangle. The street south of Ellison avenue and running parallel with it is called Charles street, and the square between Ellison avenue and Charles street is divided by an alley through the center, the alley being 160 feet from Ellison avenue and the same distance from Charles street. The street immediately north of Ellison avenue, which is called Reutlinger avenue, does not run parallel with Ellison avenue, but forms an angle of 25 degrees with Ellison avenue, the apex of this angle being almost at the intersection of Spratt street and Ellison avenue, the base of the triangle at Kreiger street being some 250 feet. In assessing the cost of Ellison avenue on the south, the city assessed all of the property between Kreiger and Spratt streets to a depth of 160 feet, but in assessing the property north of Ellison avenue the city only assessed an area in the shape of a triangle, the depth of which at the base at Kreiger street was 125 feet and diminishing to zero at Spratt street.

Appellants complain that they were discriminated against in this assessment, because their property on the south of Ellison avenue was assessed throughout its entire depth of 160 feet for the making of the avenue, while the property on the north side of the avenue was only assessed to the depth of 125 feet at one end, diminishing as before stated to zero at the other. In other words, the assessment complained of includes one-half of the property south of Ellison avenue, between it and Charles street, and on the north one-half of the property, be-

tween Ellison and Reutlinger avenue; but, in view of the fact that the property south of Ellison avenue is in the shape of a parallelogram 320 feet deep formed by Ellison avenue, Kreiger, Charles and Spratt streets, while the property on the north side of Ellison avenue is in the shape of a triangle 250 feet deep at the base, only one-half of which was assessed, the property assessed on the north is a great deal less than that assessed on the south.

It is the contention of counsel for appellants that practically the whole of the triangle formed by Reutlinger and Ellison avenues should have been assessed for the improvement of Ellison avenue. The lower court, however, was of the opinion that only one-half of the triangle should be assessed for the improvement of Ellison avenue, leaving the other half to be assessed for the improvement of Reutlinger avenue.

It was the intention of the Legislature in the enactment of sections 2833 and 2834, of the Kentucky Statutes, relating to the original construction of streets in cities of the first class, to equalize as nearly as might be the burden of the assessment, and, where the property is laid off into regular squares, there is little difficulty in so adjusting the assessment as that the burden may be borne with approximate equality by all of the property owners. But, when a street or avenue set apart for original construction is bounded on one side by a regular square, and on the other side by a parcel of land in the shape of a triangle formed by the location of two streets, there is of course more difficulty in adjusting fairly the assessment. We think, however, that in such a case the rule of equality should be observed as nearly as may be, and this the court endeavored to do in bisecting this triangle so as to subject to the improvement of Ellison avenue one-half of it, leaving subject to the improvement of Reutlinger avenue the other half. It is, of course, apparent that if the whole of this triangle should be assessed, as contended by counsel, for the improvement of Ellison avenue, that the whole of it should likewise be assessed for the improvement of Reutlinger avenue. The result would then be that all of the property in the triangle between these two avenues would be burdened with a double assessment—one for the improvement of Reutlinger avenue and the other for the improvement of Ellison avenue.

The situation in Louisville Railway Company v. Southwestern Construction Company, 24 Ky. Law Rep.,

2380, was very much like the one here presented, as will be seen by the map accompanying that opinion, and, in that case an assessment based substantially upon the same principle as that applied in this case was adopted. See also Fidelity Trust & Safety Vault Co. v. Voris, 110 Ky., 315.

Judgment of the lower court is affirmed.