## Marret, et al. v. Jefferson County Construction Company, et al.

(Decided December 18, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Municipal Corporations—Cities of the First Class—Street Improvements—Section 2833 Kentucky Statutes—Principal Streets—

Test.—A principal street within the meaning of Section 2833, Kentucky Statutes, providing for the original construction of streets in cities of the first class, is a principal thoroughfare dedicated to the use of the public, and a parkway, though the title be vested in the Board of Park Commissioners, is a principal street.

2. Municipal Corporations—Cities of the First Class—Section 2833, Kentucky Statutes—Street Improvement—Method of Assessment. —Where a street bounded on one side by a park boulevard which has been dedicated to the public use is originally constructed pursuant to Section 2833, Kentucky Statutes, the assessment zone should extend to a point midway between such street and the park boulevard.

AL. M. MARRET and D. MOXLEY for appellants.

WILLIAM FURLONG and FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal presents for determination the proper method of apportioning the cost of improving that part of Sherwood Avenue in the city of Louisville lying between a point 830 feet northeast of the Bardstown Road and Cherokee Park.

Sherwood Avenue runs northeast from the Bardstown Road. Alta Avenue is a street lying east of Sherwood Avenue and running parallel with it. The distance between these two streets is approximately 400 feet. They are both quite long, without any intersecting streets, Eastern Parkway is located on the west side of Sherwood Avenue. It too begins at the Bardstown Road and runs northeast. At the Bardstown Road its distance from Sherwood Avenue is 400 feet. From that point the distance from Sherwood Avenue varies at different points, and gradually diminishes until at the Park line the distance between the two streets is about 103 feet. The first section of Sherwood Avenue was improved several years ago. The abutting property on the east side was assessed to a point midway between Sherwood Avenue and Alta Avenue, and on the west side to a point midway between Sherwood Avenue and Eastern Parkway. The second section and the one involved in this action was afterwards improved, and the same method of assessment adopted. The work was performed by the Jefferson County Construction Company.

On completion of the work improvement warrants were assigned to the Kentucky & Indiana Construction Company.

Two of the property owners, Goepper and Eckenroth, refused to pay their assessments. Thereupon, plaintiffs, Jefferson County Construction Company and the Kentucky & Indiana Construction Company, brought this action to enforce payment. Goepper and Eckenroth contended that the cost of the improvement should be extended as far back on the west side of Sherwood Avenue as it did on the east side; at any rate, to the boundary line of Eastern Parkway. The chancellor sustained the contention of Goepper and Eckenroth, and adjudged that where possible the property on the west side of Sherwood Avenue should be assessed to the same depth as the property on the east side, and that in no event should the assessment extend beyond the eastern border, which should be regarded as an impassable barrier. Pursuant to the judgment of the chancellor, a special commissioner was appointed to re-apportion the cost of the improvement. This method of apportioning the cost of the improvement materially increased the assessments due by W. H. Marret and Carrie Moxley, who prosecute this appeal from the judgment finally entered.

Appellants contend that Eastern Parkway is a principal street within the meaning of Section 2833, Kentucky Statutes, describing the method of apportioning the cost of street improvements in cities of the first class. On the other hand it is insisted that Eastern Parkway is not a principal street within the meaning of that statute. It appears from the evidence that a portion of Eastern Parkway was formerly Melrose Avenue. Appellant Marret conveyed to the Board of Park Commissioners a strip of ground 40 feet wide "for the purpose of establishing and maintaining Eastern Parkway." The other land covered by the parkway was acquired by dedication or purchase from the abutting property owners. The care, management and custody of all parkways are vested in the Board of Park Commissioners, with the power to adopt rules and regulations for the reasonable and proper use thereof. Section 2848, Kentucky Statutes. The title to all such property is vested in said board, and such property must be held in strict and inviolable trust for public park purposes, free from

all taxes, imposts and assessments, State, county, district, municipal or otherwise.

Section 2833, Kentucky Statutes, provides in part as follows:

"When the improvement is the original construction of any street, road, lane, alley or avenue, improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned by the Board of Public Works, according to the number of square feet owned by them, respectively, and in such improvements the cost of the curbing shall constitute a part of the cost of the construction of the streets or avenue, and not of the sidewalk.

"Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth, not exceeding five hundred feet, on both sides of said improvement to be assessed for the cost of making the same, including the cost of the improvement of the intersections, if any, of said public way, according to the number of square feet owned by the parties respectively within the depth as set out in the ordinance."

The chancellor, basing his conclusion on the theory that the statute contemplates that the whole landed property within the city shall be subject to assessment for street improvements, and that the very essence of the statute is equality of burden, decided that the test to be applied in determining whether or not a street is a principal street within the meaning of the statute is not that of public use or dedication, but whether or not it has been or may be originally constructed at the cost of the abutting lot owner. Following out this reasoning he concluded that as the title to the parkway was vested in the Board of Park Commissioners, and that board, at its own expense, had constructed the boulevard, and the property owners would, in all probability, never be called upon to bear any of the cost of the construction of this street, Eastern Parkway was not, therefore, a principal street wthin the meaning of the statute. In answer to this position it is suffiicient to say in the first place that the statute makes no such distinction. It refers only to principal streets without regard to whether they

have been or may be constructed at the cost of the property owner. In the next place, even if the view of the chancellor be correct in regard to the test to be applied, the case presented is not such as to make it certain that the property owners adjoining Eastern Parkway will never be called on to bear their proportionate part of its original improvement. It is well settled in a number of cases that a street, without regard to its previous condition, may be originally improved once at the expense of the abutting property owner.

The Board of Park Commissioners is a creature of the statute, and subject to legislative change. The legislature has the power to permit the control of park boulevards by municipalities as it sees fit, or it may authorize a city, for and on behalf of the Board of Park Commissioners, to order the improvement of park boulevards at the cost of the abutting property owner. Should this be done, then defendants would be called upon to bear their proportion of the burden of the improvement of Eastern Parkway, although they have been relieved of liability for the cost of the improvement of Sherwood Avenue on the theory that they would never be called on to bear any part of the cost of improving Eastern Parkway. Thus it will be seen that the test applied by the chancellor is not strictly applicable to the facts of this case. Indeed, the application of such a test would leave the matter of street assessments in great uncertainty and confusion. People purchasing lots have the right to look at the adjoining streets and determine whether or not the property purchased will ever be called on to bear any part of the cost of constructing these streets. When they see a street that has been dedicated to public use, they have a right to conclude that it is a principal street within the meaning of the statute, and should not be required to speculate as to whether or not it is a street of such peculiar character that it could never be originally constructed at the cost of the abutting property owner. We therefore conclude that a principal street within the meaning of the statute is a principal thoroughfare that has been dedicated to the use of the public. This rule will enable the general council to know with reasonable certainty what assessment burdens abutting property owners will have to bear, and to regulate street improvements accordingly. It will also give to the abutting property owner and those who expect to become abutting

property owners a reasonable basis for measuring the burden which the abutting property will have to bear. The evidence in this case conclusively shows that Eastern Parkway is a principal thoroughfare, dedicated to the use of the public. It follows that the method adopted by the chancellor for apportioning the cost of the improvement is erroneous, and that the method adopted by the general council should stand.

Judgment reversed and cause remanded with direction to enter judgment in conformity to this opinion.