## Koop v. Henry Bickel Company.

(Decided February 16, 1916.)

Appeal from Jefferson Circuit Court
(Chancery No. 2).

1. Municipal Corporations—Cities of First Class—Public Improvement—Assessment—Squares Bounded by Principal Streets—Test

of—Section 2833, Kentucky Statutes.—In determining whether the territory adjacent to a street improvement is defined into squares bounded by principal streets within the meaning of section 2833, Kentucky Statutes, relating to street improvement assessments in cities of the first class, the test of a principal street is not its practicability for travel but whether or not it has been dedicated and accepted by the city.

2. Municipal Corporations — Streets — Acceptance — Evidence.—Evidence that a city constructed sewers along a street and exercised other acts of control over it as a street is sufficient to show its acceptance.

FRED FORCHT, JR., and BENJAMIN F. WASHER for appellant.

FURLONG, WOODBURY & FURLONG and HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

This appeal involves the proper method of assessing the abutting and adjacent property for the improvement of Sycamore Avenue, lying between Keats Avenue and Jane Street in the city of Louisville. South of Sycamore Avenue there is a square extending to Frankfort Avenue a distance of 612 feet. The property in that square was assessed for a distance of 306 feet from Sycamore Avenue. North of Sycamore Avenue it is claimed that there is a square bounded by Keats Avenue and Keats Avenue extended on the east, by Jane Street and Jane Street extended on the west, and by Letterle Avenue on the north. The distance from Sycamore Avenue to Letterle Avenue is about 1,300 feet.

In ordering the improvement the general council took the position that there was no square north of Sycamore Avenue, and provided that the property to the north should be assessed for only a distance of 306 feet.

The contractor, Henry Bickel Company, sued certain property owners to enforce his lien for the improvement. Certain defendants contested the correctness of the apportionment made by the city authorities and insisted that a square bounded by principal streets existed north of Sycamore Avenue, and that the assessment area should be extended for one-half the distance of that square, or about 650 feet. This contention was sustained by the chancellor and judgment entered accordingly. Jane M. Koop, whose assessment has been materially increased by the judgment, appeals.

A reversal is asked on the ground that there is no square bounded by principal streets lying between Sycamore Avenue and Letterle Avenue. The basis of this contention is that neither Keats Avenue nor Jane Street is a principal street within the meaning of the statute.

It appears that Keats Avenue is intercepted by a large apartment house, and immediately in its rear is a rock cliff and then a fall of 57 feet, and the extension of Keats Avenue beyond this point is impracticable. A sewer has been constructed along this street. It also appears that Jane Street is a public way of irregular width, being 20 feet wide at some places and 40 feet wide at others. When the George Speed place was platted it lay on the western edge of that property and was dedicated as a public way. The city has constructed a sewer in Jane Street. Beginning with Sycamore and extending north towards Letterle, there is a drop of 28 feet in a distance of 250 feet. When you reach a point nearer Letterle, there is a drop of 24 feet in 175 feet. It has been used by vehicles as far as the Koop building. Beyond that to Letterle Avenue travel by vehicle is impossible. Between the Koop property and Letterle Avenue there is a foot bridge. In order to build a first class street it will be necessary to make a fill of 200 feet or more, and to construct a culvert at the brook.

It is admitted that Letterle Avenue is a principal street. The square extends from Sycamore Avenue to Letterle Avenue. The argument is, that this square is not bounded by principal streets because neither Keats Avenue nor Jane Street is at present a practicable route for travel. In our opinion, the test to be applied is not whether the side streets are practicable or convenient routes for travel, for if that view were adopted the validity of street assessments would depend on the physical conditions prevailing rather than the actual existence of the streets themselves. In view of the uncertainty and confusion that would result from such a rule, we conclude that the only test to be applied is whether or not the streets have been dedicated and accepted. The evidence clearly shows that Jane Street and Keats Avenue have been dedicated for a number of years, and, that the city has constructed sewers along them and otherwise exercised control over them as streets. These facts are sufficient to show acceptance. Unless this rule be adopted, the portion of the territory lying between Sycamore

Avenue and Letterle Avenue would be exempted from taxation for street improvement when Letterle Avenue is improved. Of course, if a new street, extending from Keats Avenue to Jane Stret, should ever be constructed between Sycamore Avenue and Letterle Avenue, the general council or the court may take such steps as are necessary to equalize the burden on the property thereby affected. Since the judgment accords with the views herein expressed, it follows that it is correct.

Judgment affirmed. ·