## Melvin, et al. v. Central Construction Company.

(Decided November 11, 1919.)

### Appeal from Fayette Circuit Court.

1. Parties—Action to Enforce Municipal Lien.—In this action by a street contractor to enforce a municipal lien upon a lot abutting a street constructed by him under contract with the municipality, a second-class city, and as required by the provisions of its charter, the owner of the lot and only holder of the legal title thereto being a married woman, her husband was properly joined with her in the petition as a defendant to the action; hence, the action of the circuit court in overruling the special demurrer filed to the petition on the ground that the husband was an unnecessary party and improperly made so, was not error.

2. Husband and Wife—Action to Enforce Lien—Parties.—As Kentucky Statutes, section 2128, deprives the wife of power "to sell or convey or mortgage her real estate, unless her husband join in such contract," she cannot, in an action to enforce a lien upon her real estate, be divested of title thereto without making the husband a party. Moreover, if the husband be not made a party to the action, neither a judgment enforcing the lien against the wife's real estate, nor its sale and conveyance thereunder by a commissioner in satisfaction of the lien, would, in the event of his surviving the wife, deprive him of the life estate in one-third of such realty to which Kentucky Statutes, section 2123, would clearly entitle him.

3. Parties—Action to Enforce Lien for Street Construction.—The objection made by the defendants to the right of the plaintiff to

maintain the action without joining the city of Lexington as a plaintiff or making it a defendant, was properly held by the circuit court to furnish no cause for sustaining the special demurrer. Ky. Stats., section 3100, applying to cities of the second class, provides: "Such liens (for street construction) may be enforced, as other liens on real estate, by action brought in the name of the city or the contractor entitled thereto." As in this case the contractor was the sole beneficiary of the lien, it could sue to enforce it; the city was not a necessary or proper party.

4.   Municipal Corporations—Action to Enforce Lien for Street Construction—Demurrer.—The general demurrer to the defendant's answer was properly sustained. Its averments that the construction of the street was unauthorized because it is without an opening at one end, constituted no defense to the action. A street dedicated to public use as such and occupied on either side by business houses or residences, may be constructed or improved by municipal authority, although without connection at one end with another street or public way. It is not unusual for streets of but a square in length and with only one terminal opening to be established and constructed by municipal authority at the cost of the abutting property owners, such streets being commonly denominated "courts."

R. S. CRAWFORD for appellants.

GEO. B. KINKEAD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Central Construction Company, a corporation duly organized under the laws of this state, its chief office being in the city of Lexington and its business that of constructing streets, pavements and other public improvements, brought this action in the court below against the appellants, Mary E. Melvin and C. N. Melvin, her husband, seeking the enforcement of a municipal lien upon a lot and building on Scott avenue in the city of Lexington, owned by the former, in satisfaction of an apportionment tax or warrant amounting to $110.92, alleged to have been duly assessed against it by the governing authorities of the city of Lexington as such property's proportion of the cost of improving Scott avenue.

The appellants filed a special and general demurrer to the petition, both of which were overruled by the circuit court, and to which rulings appellants entered an exception. The special demurrer was filed on the theory that the petition showed a defect of parties; appellants contending (1) that the city of Lexington was a necessary

party as plaintiff; (2) that as the title to the real estate sought to be subjected to the lien is in Mary E. Melvin alone, the husband, C. N. Melvin, was an unnecessary party and therefore improperly made a defendant. Neither of these contentions is sound. As to the first it is sufficient to say, that by Ky. Stats., section 3100, which is a part of the charter governing cities of the second class, to which Lexington belongs, it is declared: "Such liens (as the one here involved) may be enforced, as other liens on real estate, by action brought in the name of the city or the contractor entitled thereto." Obviously, if the action is brought by either the other is not a necessary party. Regarding the second contention it may be remarked that as Ky. Stats., section 2128, deprives the wife of power "to make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract," in an action to enforce a lien upon her real estate in order to divest her of title thereto, her husband should be made a party to such action. Moreover, if the husband were not made a party to such action, neither a judgment enforcing the lien upon her real estate, nor its sale and conveyance by a commissioner thereunder, would, in the event of his surviving the wife, deprive him of the life estate in one-third of such realty to which Ky. Stats, section 2132, would clearly entitle him. For the reasons stated, it is manifest that the action of the circuit court in overruling the special demurrer to the petition was not error.

As the general demurrer put in issue the sufficiency of the petition, it becomes necessary to determine whether its averments state a cause of action. The city of Lexington is now under what is known as the commission form of government, the governing authorities being a mayor and four commissioners, but when the work of construction upon Scott avenue was contracted and performed it was governed by the mayor and legislative body known as the general council, a body composed of a board of aldermen and a board of councilmen. So all proceedings resulting in the improvement of Scott avenue were by action of the mayor and general council of the city; and according to the allegations of the petition such proceedings appear to have conformed to the provisions of Ky. Stats., sections 3094 to 3100, inclusive. Indeed, this is not denied in argument by counsel for appellants. It is only insisted that the petition is deficient

in that it makes no showing that Scott avenue ends at a public place or was ever dedicated to the city as a street or accepted by the municipality as such. This contention ignores the averments of the amended petition to the effect that the street in question was laid out and dedicated to the use of the city by the then owner of the ground more than thirty years ago, and has ever since kept open and maintained by the city as a street, the lots on both sides thereof having been occupied many years by business houses and residences. We are aware of no rule of law that declares a street, occupied and used as such, not a street because without an opening at one end. Indeed, it is quite common for streets of but a square in length and with only one terminal opening, to be constructed and maintained by municipal authority, such streets being usually called "courts."

We think it sufficiently appears from the allegations of the petition that appellee in constructing Scott avenue, acted by proper directions of the governing authorities of the city of Lexington; that the work was done in accordance with the plans and specifications defined by ordinance and was by ordinance duly accepted and the cost of construction properly apportioned against the various abutting properties. This being true it is clearly entitled to assert against the property of appellants the lien claimed; hence, it follows that the general demurrer to the petition was properly overruled. After the overruling of their demurrer to the petition appellants filed an answer and counterclaim, a general demurrer to which, filed by appellee, was sustained by the court. Appellants excepted to this ruling and refused to plead further, whereupon the court rendered judgment, dismissing their counter-claim, granting appellee the enforcement of its lien and directing a sale of appellants' lots in satisfaction thereof. From that judgment the latter have appealed.

The demurrer to the answer and counterclaim was properly sustained. The answer presented no defense, as it failed to deny the legality of the proceedings alleged in the petition whereby the construction of the street was effected by the city authorities, and only denied the right of the latter to construct a street without an opening at both ends. This was a question of law raised by the demurrer to the petition and properly decided by the court in overruling the demurrer.

Appellants' counterclaim contained vague allegations charging appellee with the commission of a trespass to their lot in constructing the street whereby in some undefined manner their right of ingress and egress in the property was partially obstructed. No cause of action is stated by the counterclaim; even if its allegations were more definite, as the work on the street was admittedly work of original construction, performed in accordance with plans and specifications duly adopted by the city authorities, after establishing the grade, and it was not alleged that the injuries claimed to have been caused the lot did not result from the original establishment of the grade, the city could not be made liable therefor. Philpot v. Town of Tompkinsville, 148 Ky. 511; Hope v. City of Owensboro, 128 Ky. 524; City of Owensboro v. Singleton, 111 S. W. 284.

As the record furnishes no cause for disturbing the judgment of the circuit court, it is affirmed.