## Bass v. City of Louisville.

(Decided February 11, 1930.)

LEO J. SANDMANN for appellant.

JOSEPH E. CONKLING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a mandatory injunction requiring appellant to restore a sidewalk to its former grade and condition. The facts are these:

Appellant owns an apartment building facing Cherokee road, in Louisville, and running through to Sherwood avenue. The garages are in the basement, and the approach is from Sherwood avenue, which is much higher than the basement. For the purpose of ingress and egress over the sidewalk on Sherwood avenue, he obtained from the city of Louisville a permit "to check curb 14 feet wide and to construct concrete driveway from curb to property line." Instead of merely checking (cutting) the curb, he not only cut the curb 14 feet wide, but tore out the existing sidewalk and constructed another sidewalk for a distance of about 20 feet. The lowest point of depression in the new sidewalk was about 16½ inches below the original grade. Afterwards appellant elevated the grade, with the result that the portion reconstructed has a slope at each end, and for a distance of several feet the grade is about 10 inches lower than the regular grade.

Appellant first insists that the court erred in not sustaining either his motion to make the petition more definite and certain or his motion to strike. In this connection counsel insists that the allegation of the petition that Sherwood avenue "is a regularly dedicated and accepted public way and street of the city of Louisville" is a mere conclusion, and that, as the information was in the possession of the city, appellant was entitled to be

furnished the date of the dedication and acceptance, and of the introduction and passage of the ordinance of the general council for the construction and acceptance, of the street. As all ordinances of the city are public records, and therefore accessible to the public, the case is not one where the information sought was exclusively in the possession of the city. On the contrary, it was equally available to appellant, and the chancellor did not err in refusing to sustain the motion to make the petition more definite and certain. Nor was appellant prejudiced because his motion to strike was not sustained. Appellant did not stand on his motion, or on his demurrer, and the alleged defect in the petition was cured by the evidence, which was heard without objection, and by the judgment finally rendered.

The further point is made that the city did not prove a dedication and acceptance by resolution or ordinance, as required by section 2832, Kentucky Statutes. On the question of dedication and acceptance, A. A. Krieger, city engineer of Louisville, testified as follows: That portion of Sherwood avenue in the rear of the Bass property was dedicated in 1873 by reference in deeds. This was prior to the present charter. The curb grade was established, but he could not give the date. He would supply that later. The street was built under Ordinance No. 417, of date October 26, 1911, and was constructed according to the established grade, as shown by a map which he filed as an exhibit. There was no separate establishment of the grade for the sidewalk, except as shown on the sidewalk plan. The curb grade was the grade that was established. The sidewalk was built in 1914, and was apportioned on November 19, 1914.

Counsel for appellant did not ask for the production of the original deeds, or of the ordinance referred to in the testimony of Mr. Krieger. On the contrary, Mr. Krieger was permitted to testify without objection. His evidence shows a dedication of the street, its improvement by the city, and the apportionment of the cost of the sidewalk. In our opinion, the statute does not require that the word "accept" be used, but its requirements are fully met by an ordinance or resolution directing the doing of something that is equivalent to an acceptance. The evidence shows that the sidewalk in question was constructed, and that the cost was apportioned against the abutting property owners. As this was done by

ordinance, the action by the city was in effect an acceptance of the sidewalk by the city.

There is no merit in the contention that the proof was not sufficient to show the dangerous character of the depression. Not only was there direct evidence that it was dangerous, but the whole situation was fully explained to the chancellor, and it cannot be said that his finding that it was dangerous was not sustained by the evidence.

But it is suggested that the city was not entitled to the relief sought, because there was an adequate remedy at law. The point is made that the city should have restored the sidewalk to its former condition, have sued appellant for the cost, and have taken its chances on appellant's filing a counterclaim for damages caused by the city's trespass on his property. The city was not required to adopt this roundabout course. Appellant lowered the grade of the sidewalk without authority. Its condition was dangerous. If permitted to remain in that condition, it would subject the city to liability for personal injuries. Its only adequate and effective relief was to require appellant to undo that which he had wrongfully done and restore the sidewalk to its former condition.

We do not perceive how it may be said that appellant has been deprived of his property without due process of law. The situation in which he finds himself is of his own creation. Doubtless he may make a reasonable use of the sidewalk for the purpose of ingress and egress, but that does not mean that he, without authority of the city, may lower the grade of the sidewalk to the extent shown by the proof. Hence the judgment ordering the restoration of the sidewalk to its former grade deprived him of no property right.

Judgment affirmed.