## Reed et al. v. Louisville Asphalt Company.

## Hess et al. v. Same.

(Decided March 11, 1930.)

DOOLAN & DOOLAN and JOHN P. HASWELL for appellants.

FURLONG & WOODBURY and CHARLES L. SCALES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Barret avenue runs from Broadway southwardly to Eastern parkway in Louisville, Ky. Some 300 feet east of the point where Barret avenue intersects with Eastern parkway a road, known as the "Valley Road," runs off and winds its way in an irregular line westwardly until it strikes Barret avenue, about 700 feet from Eastern parkway. Appellants own lots fronting on Valley road, but within 500 feet of Barret avenue. Barret avenue was improved by the city at the cost of the property owners thereon, and the cost was apportioned to them. Appellants refused to pay the apportionment, and this suit followed. The court gave judgment against them, and they appeal.

Some years ago John B. Castleman, who then owned this property, laid off a subdivision, calling it "Castlewood," and made a plot which was filed in the county clerk's office. In this subdivision he said this about the road in question: "The Valley Road, the Hill Road and the Cross Road, as shown on this plot, are dedicated to the use of the property owners in Castlewood with the right reserved to me, my heirs and assigns to grant rights of electric railway service over the Valley Road." This was in 1903. Since then the territory has been annexed to the city, but the city has in no way recognized Valley road or taken any charge of it. On the contrary, the city has declined to recognize it.

By the act of 1902 (see Session Acts 1902, p. 172) it was provided: "No ground laid off and dedicated as a street or alley by the owner within any territory heretofore or hereafter annexed to the city shall be a public way of the city until the dedication by the owner as such shall have been accepted by a resolution or, ordinance of the general council recommended by the board of public works."

This act was in effect when the dedication was made by John B. Castleman. Section 2833, Kentucky Statutes, provides as follows as to how the cost of improvement shall be apportioned: "When the territory contiguous to any public way is not defined into squares or principal streets, the ordinance providing for the improvement of such public ways shall state the depth, not exceeding five hundred feet, on both sides of said improvement to be assessed for the cost of making the same."

By the previous part of the section, where the land is divided into squares, the improvement must be made at the exclusive cost of the owners of lots in each fourth square, to be equally apportioned among them. The two provisions of the section show that the Legislature made a clear distinction between land that was divided into squares by principal streets and land that was not so divided into squares. The territory in question was not divided into squares by principal streets. Though like other smaller ways Valley Road may be a public way (a question not decided, see Louisville v. Hall, 91 S. W. 1133, 28 Ky. Law Rep. 1064, and Rose v. Nolen, 166 Ky. 336, 179 S. W. 229), it is not a principal street of the city, and this territory is not divided into squares. The apportionment in question was clearly the only apportionment that under the statute could have been made.

Valley Road is 30 feet wide, but it is not one of the principal streets of the city, and plainly the territory in question is not defined into squares by principal streets.

Judgment affirmed.