# Breslin v. Hancock et al.

(Decided Oct. 30, 1935.)

JOSEPH LAZARUS and STANLEY GARFEIN for appellant.
FURLONG & WOODBURY, JOHN CHANDLER and BURWELL K. MARSHALL for appellee.

EUGENE B. COCHRAN and BRUCE & BULLITT amici curiæ.

OPINION OF THE COURT BY ·JUDGE RICHARDSON—Reversing.

Frank G. Breslin brought this action to enforce an improvement lien on the property of L. W. Hancock. By an appropriate pleading, the Lem Realty Company, Incorporated, Hancock's grantor, was made a defendant. It is unnecessary to state the substance of the parties' pleadings or the steps taken prior to the entry of the judgment of the court. The court, on the pleadings and evidence of the parties, determined it was proper and necessary to establish the assessment district and to reapportion the cost of constructing Frankfort avenue, and indicated that the cost of the improvement should be so made ''as to assess the property on the north side of Frankfort avenue from the city boundary line as established in 1900 to a point where the center line of Crabb's lane, extended, would intersect the center of Frankfort avenue and extended northwardly to the line midway between Frankfort avenue and Randolph avenue, and Randolph avenue extending to the west, and on the south side of Frankfort avenue from the city boundary line of 1900 to the center line of Crabb's lane and extending southwardly to the same depth as on the north side of Frankfort avenue; the cost of the improvement to be equally assessed among the owners of the property within this district according to the number of square feet of ground owned by each of them respectively.''

After the court formulated and announced the above area as the basis of the reapportionment, the cause proceeded to a judgment, directing the reapportionment of the whole cost of the improvement, without

first requiring the owners of the property affected by the reapportionment to be brought before the court.

It is proper to remark that the decree of the court expressly declares "the cost of said improvement made hereunder shall be without prejudice to the rights of any property owner by said reapportionment, who is not now before the court in this action." Thereafter, amended petitions were filed to enforce the liens against the property within the district as established by the judgment and the reapportionment made thereunder by a special commissioner.

City of Louisa v. McClure et ux., 245 Ky. 158, 53 S. W. (2d) 337, was an action to establish and enforce a lien on property for street improvement. There, as here, the owners of the property affected by the reapportionment were not parties to the action. Of this, we said:

> "The effect of the judgment was to hold invalid the assessment made by the ordinance against the property on the eastern side of the street exclusively. The court impliedly held that property on the western side was chargeable with one-half of the cost. None of the owners of that property was a party to the suit. In view of the defense made, the court should have required that those property holders, or a representative of them, be made parties to the suit as they are vitally interested in the adjudication. We are of the opinion that this is a case which should be reversed and remanded without a decision on the merits in order that those who are adversely affected may be brought before the court, as is authorized by section 28 of the Civil Code of practice. See, also, Moore v. State Board of Charities and Corrections, 238 Ky. 243, 37 S. W. [2d] 41."

Adhering to this construction of section 28 of the Civil Code of Practice, we are constrained to reverse the judgment, with directions to require the pleadings to be amended and the proper parties brought before the court, and then the area affected by the reapportionment be defined and established and the whole cost of the reapportionment made by the court. All other questions are reserved.

Wherefore, the judgment is reversed.