## Sullivan et al. v. City of Louisville et al.

June 5, 1942.

Luther Roberts and Dodd & Dodd for appellants.

Richard H. Hill, City Attorney, Edwin C. Willis, Assistant City Attorney, William Furlong and Wm. F. Clarke for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The question involved on this appeal is whether or not the cost of improving Hite Avenue in the City of Louisville was correctly assessed against the abutting property on the east thereof in conformity with Section 2833, Kentucky Statutes. The appellants, Hampton and Juanita Sullivan, own a lot fronting on Linden Lane which lies east of Hite Avenue and west of Bayly Avenue. It is the contention of appellants that Linden Lane is the first principal street east of Hite Avenue, while the city contends that Linden Lane is not a principal street and that Bayly Avenue is the next principal street east of Hite Avenue.

Among other things, Section 2833, Kentucky Statutes, provides that the construction of an original improvement shall be assessed equally against each one-fourth of a square of abutting property and that each subdivision of the territory bounded upon all sides by principal streets shall be deemed a square. For the improvement of Hite Avenue the city assessed the property on the east thereof for one-half the distance to Bayly Avenue, and appellants argue that such assessment should have extended only to one-half of the distance to Linden Lane. Therefore, it is evident the only question involved is whether or not Linden Lane is a principal street within the meaning of Section 2833.

There is but little contrariety in the facts which are practically all covered by a stipulation appearing in the record. It is agreed that by certain plats filed in the Jefferson County Court Clerk's office Linden Lane was dedicated as a public street. But it is urged by the appellees there was no acceptance of such dedication by the city by ordinance or resolution as required by Section 2832, Kentucky Statutes, and the laying of water and sewer mains in Linden Lane and the erection by the city of customary street and traffic signs thereon did not amount to an acceptance of the dedication, because officers or employees of a municipal corporation cannot bind it in such matters and it can only be bound by its records, citing City of Louisville v. Hall, 91 S. W. 1133, 28 Ky. Law Rep. 1064; East Cairo Ferry Co. v. Brown, 233 Ky. 299, 25 S. W. (2d) 730.

In 1933 the Board of Aldermen by an ordinance adopted an official map of the City of Louisville in accordance with Section 3037h-131, Kentucky Statutes, which reads:

"The legislative body may establish an official map of the city showing the streets and highways heretofore laid out, adopted and established by law * * *."

In Bass v. City of Louisville, 233 Ky. 734, 26 S. W. (2d) 1039, 1040, in considering the question of what is necessary to constitute an acceptance by a resolution or ordinance of a dedication of a street, it was written:

"In our opinion, the statute does not require that the word 'accept' be used, but its requirements are fully met by an ordinance or resolution directing the doing of something that is equivalent to an acceptance. The evidence shows that the sidewalk in question was constructed, and that the cost was apportioned against the abutting property owners. As this was done by ordinance, the action by the city was in effect an acceptance of the sidewalk by the city."

Hence we conclude that the ordinance adopting an official map of the city showing Linden Lane as a street is a compliance with Section 2832, as in effect it was an acceptance of the dedication of this street by an ordinance. In Ouerbacker v. City of Louisville, 281 Ky. 704, 137 S. W. (2d) 408, the "unnamed street" was included in this official map and adopted by the ordinance of 1933, and it

was there held the dedication had been accepted by the city.

The Ouerbacker case thoroughly discusses the cases of Koop v. Henry Bickel Co., 168 Ky. 496, 182 S. W. 617, and Marret v. Jefferson County Const. Co., 161 Ky. 845, 171 S. W. 396, and quotes copiously from them as to what constitutes an acceptance by the city of a street dedicated to the public use and as to the meaning of the term ''principal street'' as used in Section 2833, and it is unnecessary to analyze or discuss these authorities here. In determining the question of what is a principal street, the Ouerbacker case [281 Ky. 704, 137 S. W. (2d) 411] quotes with approval from the Koop opinion:

''In our opinion, the test to be applied is not whether the side streets are practicable or convenient routes for travel, for if that view were adopted the validity of street assessments would depend on the physical conditions prevailing rather than the actual existence of the streets themselves. In view of the uncertainty and confusion that would result from such a rule, we conclude that the only test to be applied is whether or not the streets have been dedicated and accepted.''

There is no doubt of Linden Lane having been both dedicated and accepted, and under this test it is a principal street.

But appellees urge that Linden Lane was not regarded as a principal street when the quarter square assessment was made in 1924 to pay for the improvement of Bayly Avenue. The answer to that argument is that from the record before us it does not appear that Linden Lane was accepted by the city until the passage of the ordinance of 1933 adopting the city map which included this street.

Appellees further insist Linden Lane is not a principal street within the meaning of the Statutes because it has a dead end. However, almost the same argument could be urged against Bayly Avenue being a principal street. While the latter, itself, is not a dead end street, it runs into Hollywood Terrace which extends but a short distance west before it stops at the property line of a lot abutting on Linden Lane. Whether Bayly Avenue or Linden Lane is taken as the first principal street east of Hite Avenue, the property included in the city's as-

sessing ordinance for this improvement is bounded only on three sides by streets, there being no street bounding it on the north, or rather the northwest, in either instance. The map shows this subdivision is not laid out in squares, but that its several streets run in various courses; some wind about, some have offsets, while others have dead ends. Linden Lane is a street 30 feet wide and some 600 feet in length, with 12 homes fronting on it, and it is underlain with water and sewer mains. The fact that it has a dead end does not remove it from the category of public streets, Melvin v. Central Const. Co., 185 Ky. 659, 215 S. W. 811; Steinacker v. Gast, 89 S. W. 481, 28 Ky. Law Rep. 573, and it strikes us that there is as much reason for it to be classified as a principal street under Section 2833 as there is for Bayly Avenue to be so classified.

Appellees urge that it is unfair and inequitable not to include in the assessment to pay for improving Hite Avenue all property east thereof to a line one-half of the distance to Bayly Avenue, since the assessment for improving the latter included all property west of it to a line one-half the distance to Hite Avenue. This argument is not very appealing since it must be contemplated Linden Lane may in the future be paved; if so, then the property abutting it must bear that expense. The fact that the assessment for paving Bayly Avenue in 1924 covered a greater area than what we think is the proper area to be assessed for paving Hite Avenue, resulting in a lower rate for the former, cannot be equalized now by putting an additional burden on property abutting Linden Lane. The higher rate paid by the property abutting Hite Avenue is due to a change of conditions which 17 years has brought about, the chief of which is that Linden Lane has become a principal street. While it was said in Hammon v. City of Louisville, 287 Ky. 4, 152 S. W. (2d) 268, that Section 2833 intended the apportioning of cost of street improvements should be on an equitable basis, this does not mean that after Linden Lane became a principal street the assessment for paving Hite Avenue must extend half the distance to Bayly Avenue. When Linden Lane became a principal street, then the area to be assessed east of Hite Avenue to pay for its paving was materially reduced under Section 2833.

The chancellor erred in dismissing the petition. He should have granted the mandatory injunction which ap-

pellants sought requiring the city to assess the cost of this improvement on the basis of Linden Lane, and not Bayly Avenue, being the next principal street east of Hite Avenue.

The judgment is reversed with directions to enter one in conformity with this opinion.