## Breslin v. Gray et al.

March 8, 1946.

740

Joseph Lazarus and Bernard S. Goldstein for appellant.

Bullitt & Middleton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Nineteen years ago, in 1927, Louisville directed the construction of a portion of Frankfort Avenue extending from the former boundary to the new eastern boundary of territory annexed to the city in 1922. Perhaps this opinion will finally settle the question of the apportionment of the cost. As one of the chancellors who has wrestled with it well said, "The case presents a knotty problem." The condition is unusual. Frankfort Avenue at this point is abutted on the north by the right of way of the Louisville & Nashville Railroad Company, and adjacent to that, on the north, is a short parallel street called Arterburn Avenue. Thus, there are two parallel streets with the railroad between them, a space of only 66 feet. The more complicated question is whether Arterburn Avenue is a "principal street" within the contemplation of the statute prescribing that original construction of a street in a city of the first class "shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally appor-

tioned * * * by the director of works, according to number of square feet owned by them, respectively * * *. Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square." There is further provision that when the contiguous territory is "not defined into squares or principal streets, the ordinance providing for the improvement * * * shall state the depth, not exceeding 500 feet, on both sides of said improvement to be assessed for the cost of making the same." Section 2833, Kentucky Statutes, now KRS 93.370. The ordinance in this case provided that the work should be done "at the cost of the ground on the north side of Frankfort Avenue * * * extending back half way to Arterburn Avenue and on the south side * * * extending back to a line midway between Frankfort Avenue and Gardiner Avenue," according to the number of square feet owned by the parties respectively within those limits.

In an action brought by the owners of property on the south side of Frankfort Avenue, the court, Judge Barrett sitting, on November 25, 1929, set aside the apportionment of the cost made by the initial ordinance and directed that another assessment be made, which was done. Then in another action filed by Breslin, the contractor, to foreclose an apportionment lien, the court, Judge Allen sitting, on November 16, 1933, set aside both the initial and subsequent apportionments and directed that the area to be assessed should extend to a line midway between Frankfort Avenue and Randolph Avenue on the north and an equal distance on the south. This was upon the conclusion that neither Gardiner Avenue nor Arterburn Avenue was a "principal street," and upon the equities and justice of the case. We reversed that judgment because some of the owners of property affected were not before the court. Breslin v. Hancock, 261 Ky. 520, 88 S. W. 2d 34. Those parties were brought in and an issue of limitations was raised by them. The court, Judge Humphrey sitting, held the action barred as to the new parties and rendered judgment against the others. We reversed the judgment, being of opinion that the actions were not barred and that the new parties should be given an opportunity to introduce evidence. Breslin v. Gray, 283 Ky. 785, 143 S. W. 2d 452, 130 A. L. R. 937. Upon the return of the case and further evidence, the court, again with Judge

Humphrey sitting, reached the conclusion that Arterburn Avenue is a principal street and that the assessment should not extend beyond the midway line, 33 feet north of Frankfort Avenue, nor beyond that distance on the south side. This confirmed a report of the Master Commissioner. The contractor, as holder of the apportionment warrants, again appeals and urges that that conclusion is erroneous and that all the property in the area embraced by the former judgment of November 16, 1933, should be held subject to the lien as a matter of equity even though the conclusion as to the character of Arterburn Avenue be technically correct. The appellees are persons owning property on the north side of Arterburn Avenue who have not satisfied the assessments.

Arterburn Avenue was laid out on a plat of subdivision, triangular in form, which was and is divided into customary but irregular squares, in the year 1891. It is 40 feet wide and 1,600 feet long and bounded on the south by the railroad right of way. It is a dead-end street on the west, being stopped up by reservoir property of the Louisville Water Company. It is blocked at the east end by the property of the Masonic Widows & Orphans Home; but at this end another street of the subdivision, Fenley Avenue, leads from it at a sharp angle in a northwestwardly direction, the same also being a boundary street of the subdivision. It would seem that Fenley Avenue is but little more than an alley. There are three north and south streets through this subdivision intersecting Arterburn Avenue, and crossing the railroad tracks to Frankfort Avenue, which is the main artery and thoroughfare in this part of the city. Those streets are Claremont, Blackburn and Carlisle. Nearly all the houses erected in this area front on these north and south streets. However, there are four or five substantial residences fronting Arterburn Avenue at the east end. It is paralleled on the north by Randolph Avenue, some 500 feet distant. This east and west street and some alleys are used only for passing to and from the north and south streets and for entrance into the side or rear of the residences, except those five fronting on Arterburn Avenue.

An issue was made as to whether Arterburn Avenue ever became a public way of the city. Appellant concedes the dedication but denies there was an acceptance.

It was shown on the plat of the subdivision recorded in the office of the clerk of the Jefferson County Court in 1891. At that time Frankfort Avenue was the Shelbyville turnpike at this point. The plat bore the endorsement: "The streets and alleys as herein shown are hereby dedicated to the public use. Mechanics Trust Company, Trustee, by Attilla Cox, President." This area was annexed to the city in 1922. Section 2832, Kentucky Statutes, KRS 93.360, declared that no street thus dedicated in territory annexed should be a public way of the city until it should be "accepted by a resolution or ordinance of the legislative body." Since the annexation of this area in 1922, the city has improved and repaired the macadam surface of Arterburn Avenue, erected and maintained street signs and lights, installed water mains, fire hydrants and a sewer, for which the owners of residences along Arterburn Avenue were assessed. Since then all official maps of the city have shown Arterburn Avenue to be among the dedicated streets. This classification has also been affirmed by reference and inclusion in a number of ordinances. It would appear that formal dedication under the statute was not necessary because the street had already been dedicated formally as a public way thirty years before the area was annexed. The annexation ordinance constituted an acceptance of the legislative body. We think the street, whatever its classification, is to be deemed as a dedicated public way of the city. South Covington & C. St. R. Co. v. Newport, L. & A. Turnpike Co., 110 Ky. 691, 62 S. W. 687; City of Louisville v. Hall, 91 S. W. 1133, 28 Ky. Law Rep. 1064; City of Louisville v. Brewer's Adm'r, 72 S. W. 9, 24 Ky. Law Rep. 1671; Park & Co. v. Orth, 73 S. W. 1015, 24 Ky. Law Rep. 2209; Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, 51 L. R. A., N. S., 363; Reed v. Louisville Asphalt Co., 233 Ky. 368, 25 S. W. 2d 1038; Bass v. City of Louisville, 233 Ky. 734, 26 S. W. 2d 1039; Sullivan v. City of Louisville, 291 Ky. 60, 163 S. W. 2d 17.

The question of whether Arterburn Avenue is a principal street is more difficult. If it was such a street at the time, it cannot be crossed in establishing the assessable district. Fidelity Trust & Safety Vault Co. v. Voris' Executors, 110 Ky. 315, 61 S. W. 474. Nor can it be disregarded upon the ground that it was unwise to make two parallel public streets with only a 66 foot

railroad right of way between them since that was a matter within the discretion of the city's legislative body. Miller v. L. R. Figg Co., 175 Ky. 495, 194 S. W. 566. Judge Allen described this avenue as being "nothing at all except a mere strip of dedicated land," a cul de sac, blocked at both ends and for its full length on one side up against the railroad, and as serving only as a means of access to the alleys between the three north and south streets leading across the railroad tracks to Frankfort Avenue. He regarded it as but an alley, notwithstanding that the person laying out the subdivision designated it as an avenue. It appears that because of the railroad embankment along a portion of the way, and because the present buildings face on the cross streets, it will probably never be used for any other than the present purposes. But there was evidence introduced after Judge Allen's opinion was rendered by parties interested in having it declared a principal street. Moreover, the fact that it is dead-end on the west and practically so on the east does not keep it from the category of a principal street. Sullivan v. City of Louisville, supra. We are impressed with the fact that the street is used quite generally as a connection between the three intersecting streets, is used by vehicles of all kinds, has a sidewalk along a portion of it, and several residences fronting upon it.

The general and indefinite term "principal streets" used in the statute, Section 2833, in so important a matter as the assessment of the cost of public improvements has vexed the courts and many times raised the question as to what the term contemplates since it was first used in 1873. See Stengel v. Preston, 89 Ky. 616, 13 S. W. 839. We have defined it as a principal thoroughfare which has been dedicated to the public use (Marrett v. Jefferson County Construction Co., 161 Ky. 845, 171 S. W. 396) and that dedication and acceptance is the test, the practicability or convenience or physical condition of the street being immaterial. Koop v. Henry Bickel Co., 168 Ky. 496, 182 S. W. 617; Ouerbacker v. City of Louisville, 281 Ky. 704, 137 S. W. 2d 408. But these broad statements are, of course, to be read in connection with their context and with the particular situation being dealt with. Thus, in the Marrett Case, the question related to Eastern Parkway, a boulevard, being maintained by the Board of Park Commissioners, and we held

it to be a principal street, notwithstanding its control and maintenance by that Board. The statement in the Koop Case as to the practicability and convenience of a street not being the test was made in relation to streets that ended precipitately and thus were not thoroughfares in the ordinary sense of that word. They had been dedicated as streets and the city had exercised control over them sufficient to establish their acceptance, and they were in reality substantial and important streets of the neighborhood. We are not to be understood from those broad statements as unequivocally holding that mere dedication and acceptance of a public way ipso facto establishes it as a principal street. If that were all, the terms would be practically synonymous and the conclusion would result in ignoring the apparent distinction intended, as well as the practical and just application of the statute. See Nevin v. Roach, 86 Ky. 492, 5 S. W. 546; Long v. Barber Asphalt Co., 151 Ky. 1, 151 S. W. 6; Reed v. Louisville Asphalt Co., 233 Ky. 368, 25 S. W. 2d 1038. As pointed out in Vernon v. George M. Eady Co., 247 Ky. 48, 56 S. W. 2d 552, that would convert a mere alley into a principal street.

In the Ouerbacker case, supra, a certain public way designated as "Unnamed Street" was held to be a principal street, although the classification was influenced by the fact it had been so regarded in making some previous street cost apportionments. Photographs of different points of that street are filed in this record. It would appear from the location of Arterburn Avenue, its physical condition and general use, which we have already described, together with photographs taken at different points, that as compared with the "Unnamed Street," it is quite certain that this street should be declared of the same class. In view of the ordinance establishing the area to be assessed with the cost of the improvement of Frankfort Avenue along at this point, and the decision of the chancellor upon all the evidence finally presented in the case, both of which facts are given weight, we are of opinion that Arterburn Avenue should be declared a principal street.

The argument of the appellant is persuasive that the consequence of classifying Arterburn Avenue as a principal street places an unequitable burden upon the owners of property in the 33 foot strip south of Frankfort Avenue and permits all those north of it, except the

Railroad Company, to escape paying anything although they have gained and have enjoyed the use of the improvement. He cites Hammon v. City of Louisville, 287 Ky. 4, 152 S. W. 2d 268, in which it was observed that the provision for the apportionment of the cost of street improvement upon a "square" basis or upon a "depth" basis, Section 2833, Ky. Stats., was designed to secure the application of an equitable plan, reference being made to cases where it had been impossible to follow the square basis literally. The decision in the case was that under the circumstances it was proper to use one plan for a part of the area and the other plan for another part. The ordinances had done that. Courts sitting in chancery cannot disregard statutory law, so where the rights of the parties are clearly defined and their situation is established by the law, the maxim that equity follows the law must be applied, although in case of doubtful construction equity and equality should prevail. Kaufman v. Kaufman's Admr., 292 Ky. 351, 166 S. W. 2d 860, 144 A. L. R. 866. We cannot disregard Arterburn Avenue if it meets the standard set by the statute. Perhaps in order to avoid misunderstanding, it should be noted in this connection that we are not concerned here with any matter of spoliation or confiscation of property by reason of the statute or ordinance.

The judgment is affirmed.